# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Merle V. Watson Jr.
DCDC #176-159
1901 E. St. S.E.
Washington D C 20003

Vs.

Case: 1:08-cv-01075
Assigned To : Friedman, Paul L.
Assign. Date : 6/23/2008
Description: Habeas Corpus

Michael Gaines In his Official Capacity
The U.S. Parole Commissioner
5550 Friendship Blvd., ste 420
Chevy Chase Md. 20815

Mr. Brow Director of D.C. In his Official Capacity
Department of Corrections
1923 Vermont Ave N.W.
Washington D.C. 20001

Mr. Caulfield Warden of C.T.F.
D.C. Central Treatment Facility
1901 E ST S.E.
Washington D C 20003

Director of Bureau of Prisons
320 First N.W.
Washington D.C. 20001

**RECEIVED**

MAY 2 9 2008

Clerk, U.S. District and
Bankruptcy Courts

# EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS AND FOR AN EXPEDITED HEARING

Pursuant to 28 United States Code § 2241 (1) Merle Watson, pro-se, respectfully submit this petition for a writ of habeas corpus pursuant to 28 USC § 2243.

(2) Mr. Watson petition this court to issue a writ of habeas corpus to release him from his present and any future confinement in case numbers F-5501-78, and F-2589-81. On or about December 20, 2007, Mr. Watson, was arrested for attempt possession of a prohibited weapon a stake knife and a parole violation.

---

(1.) 28 USC § 2241 provide in relvant part: "Power to grant writs (A.) writ of habeas corpus may be granted by the supreme court any justice thereof, the district courts, and any circuit judge within their respective jurisdictions...

(b) [T]he writ of habeas corpus shall not extend to a prisoner unless (1.) He is in custody under or by color of the authority of the united states or is committed for trial before some court thereof; or (2) He is in custody for an act done or omitted in pursuance of an act of congress, or an order process, judgement or decree of a court or judge of the united states or (3) He is in custody in violation of the constitution of law or treaties of the united states...

(2.) 28 USC § 2243 state in relvant part: "inssuance of writ... A court justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the

Mr. Watson is before, this honorable court today As a very special visitor seeking releif on several different parole issues.

**1.** Mr. Watson was arrest on or August 2003 for New criminal conduct And A parole violation on or About May 2004, Mr. Watson, was acquitted of the criminal charge.

On or About May 2004 the U.S. Parole Commission reinstated Mr. Watson, parole but the problem is the U.S.P.C. did Not credit the time spent in custody from August 2003, to May 2004, which is About Nine (9.) months that wasn't credited toward Mr. Watson, sentence instead it was taken As street time. According to the District of Columbia Statutes § 24-221.03. Jail time [Formerly § 24-431].(b)

(b) When a person has been in custody due to a charge that resulted in a dismissal or Acquittal, the time that would have been credited against the sentence for the charge had the charge Not resulted in a dismissal or Acquittal, shall be credit against Any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody.

See EXHIBIT 4 and EXHIBIT 2

**2.** respondent to show cause why the writ should Not be granted unless it appears from the Application that the Applicant or person detained is not entitled thereto.

④. On or About August 23, 2000, Mr. Watson, was Arrested for New criminal conduct And an Alledge parole violation but on or About November 17, 2000, All criminal charges Against Mr. Watson, was dismissed.

On or About November 21, 2001, Mr. Watson, filed A petition for A writ of habeas corpus with the united States district court for the district of Columbia on the U.S. parole commission And the D.C. Department of Corrections in case number #: 1:01-cv-02418GK; the U.S.P.C. And the D.C.DOC. Assured the honorable judge Kessler, that I would receive All credit for time spent in custody. Mr. Watson, Never received credit in this matter. See Mr. Watson Notice of Actions from the U.S.P.C. dated January 2002 And May 2004.

On or About January 2008, Mr. Watson, P.D.S. Attorney Olinda Moyd made the U.S. Parole Commission Aware

---

3. The U.S. Parole Commission has promulgated regulations to govern, respectively, parole grant and revocation of D.C. Code offenders. Those regulations Are found in the Code of Federal regulations, At 28 CF.R. Part 2. Subpart C. Both the grant And revocation regulation are presently published At 65 Fed. Reg. 1996-2011 (April 13, 2000)

The Revitalization Act gives the U.S. Parole Commission rulemaking powers for parole matters, but its mandates that those powers be exercised within the precepts of D.C. parole law And regulations which remain intact: "The Parole Commission Shall exercise the Authority vested in it by this section pursuant to the parole laws And regulation of the District of Columbia" D.C. Code § 24-131(c) (emphasis Added).

The Commission explicity stated its obligation And intention to Adhere D.C. law in drafting the proposed regulations in its prefatory comments to its interim And proposed regulations:

of the fact that Mr. Watson, had not been credit for the time spent in custody. And how much time the petitioner have or had on parole was in question.

* The U.S Parole Commission regulations provide that offenders sentence under the D.C Code § 24-1231 (c) that:
* [t]he parole commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulation of the District of Columbia=

The U.S Parole Commission failure to act on giving Mr. Watson, the time that was spend in custody, violate both the parole regulations and the U.S. constitution.

5.    SEE EXIBIT 1.A through 1.F., EXIBITS 2,4,5. and 6.

Petitioner is or was serving a sentence of 5, to 15, years and 3, to 9, years in case number F-5501-78, and 1.to 3. years in case number F 2589-81, these sentences was hand down in 1981, in superior court and order to run consecutive. Petitioner original facesheet had an expiration date of 2008, between the D.C. Department of Corrections The U.S Parole Commission and the Bureau Prison, the petitioner original facesheet has been ~~Alter, Admended,~~ ~~or changed~~ the prescribe sentence that was handed down by the honorable court carry Mr. Watson, way beyond his original expiration date the court give him.

4. In Cosgrove V. Thornburgh 703 F. Supp 995 (D.DC 1988) the United States District Court for the District of Columbia held that although the U.S.P.C. had been granted substantial authority over D.C. Code offenders, it was not free to disregard District of Columbia regulations and guidelines governing parole.
See District Columbia Statutes § 24-404 [Formerly § 24-204]. And § 24-221.03. [Formerly § 24-431], And EXIBIT 3, and 4.

Petitioner has always remain in the continued care and/or legal custody of the Attorney General of the United States and/or his representatives from the onset of these sentences rather physically incarcerated and/or as D.C. Code 24-404 States <u>Authorization of Parole; Custody; discharged.</u> (formerly D.C. Code 24-204) this statute recognize that, while the prisoner where on parole a parolee; a prisoner <u>shall remain in the legal custody and under the control</u> <u>of the Attorney General or his authorized representative</u> <u>until the expiration of the maximum of the term or</u> <u>terms specified in his sentence without regards to good</u> <u>time allowance.</u>

The Attorney General and or his representative may promulgate rules and regulations under which the U.S. Parole Commission in its discretion may discharge a parolee from supervission prior to the expiration of the maximum term or terms for which he was sentence. However to go beyond the expiration date of a sentence date would violate the U.S. Constitutional Rights under the Due Process Clause of the 8th 6th and 14th Amendments: Cruel and Unusual Punishment, Ex Post Factor Laws and the Bill of Attainer by enlarging the court original sentence.

On or about April 10 2008 the U.S.P.C. send Mr. Watson, a plea offer of 14 months for a parole violation, but nothing was mention in the offer about the time spent in custody or the 2008 parole expiration date but Mr. Watson, decided to except the offer but decided to file this petition to let court decide this case, See Exibi 3 & 4.

---

5  Mr. Watson has remained in the legal custody of the Attorney General or his representative at all times. Mr. Watson, have no idear when his alledge parole expiration date is now.

The fourteen (14) months the U.S.P.C. want Mr Watson to do carry him way past his original expiration date that the court imposed upon him in October 1981, making his detention or detainment unlawful so Mr. Watson bring this case before the court to decide who's right or wrong in this matter.

## ARGUMENT

Mr. Watson, continued detention is illegal; it violates both U.S. Parole Commissin regulations and the United States Constitution. The U.S. Parole Commission Assumed jurisdiction over parole revocation matters for D.C Code offenders on August 5, 2000, pursuant to the National Capital Revitalization, And Self Improvement Act of 1997 P.L. 105-33 § 11231 (A)(1.) III Stat. 745 (Aug. 5 1997) (codified at D.C. Code § 24-1231 (A)(3). Mr. Watson, continued incarceration violate these regulations as well as the fifth 5TH, six 6TH, Eighth 8TH, And fourteenth 14TH Amendments to the United States Constitution. See Morrissey v. Brewer 408 U.S. 471  92 S. Ct. 2593  33, L. Ed. 2d. 484 (1972) In Morrissey v. Brewer parole is seen as a Administrative pratice only meaning the U.S.P.C. do not have judicial power to Alter, Admend, or Change my original sentence that was handed down by the court in October 1981.

A.   The US Parole Commission has Abuse its discretion by failing to comply with its own regulations

An agency Abuse its discretion if it fails to follow

its own regulation and procedures." Furari V Warden 218 F3d 257, 257, 58 (3rd Cir 2000) quoting Morst V. Karn 746 F2d 989, 992 (3rd Cir. 1984).

Pursuant to D.C. Code § 24-1231 (A) (2.) the U.S. Parole Commission has jurisdiction to revoke or Modify the conditions of parole of prisoners convicted of felonies under the D.C. Code, section 24-1231 (c) provide that: "The Parole Commission shall exercise the authority vested in it by this section pursuant to the parole laws and regulations of the District of Columbia"

Section 24-1231 (A). further states that: "The Parole Commission shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons, provided that it adheres to the rule making procedures set forth in § 4218 of Title 18 United States code"

B.    The U.S Parole Commission failure to act violates Mr. Watson Fifth, Six, Eighth and Fourteenth Amendments due process right

The U.S. Parole Commission failure to comply with its own regulations violates Mr. Watson fifth six eighth and fourteenth Amendments to the United States Constitution. "[A] liberty interest may arise from two sources - the due process clause itself or state laws." Price V. Barry 53 F 3d 369 370 (D.C. Cir. 1995) quoting Hewitt V. Helms 459 U.S. 460 466, 74 L. ed. 2d. 675, 103 S. Ct. 864 (1983).

It is axiomatic that parole possess a constitutional liberty interest in parole, parole can not be revoked without due process. (Haygood V. Younger 769 F 2d 1350 1354 (9th Cir 1985) deliberate indifference to a prisoner's detention beyond the termination of his sentence constitued cruel and unusual punishment) Sample V. Duecks, 885 F. 2d 1099,1109-1110 (3rd Cir. 1989). Moore V. Tartler 986 F. 2d 682 686 (3rd Cir 1993) Anderson V. Corall 263 U.S. 193, 44 S. Ct. 43, 68 L. ed. 247.

Mandatory language in parole regulations can create a liberty interest that merits constitutional due process protection. Board of Pardons v. Allen 482 U.S. 369, 376, 96 L. Ed. 2d 303, 107 S. Ct. 2415 (1987); Ellis v District of Columbia 84 F 3d 1413 1418 (D C 1996.)(concluding that wheather a prisoner possess a due process liberty interest in parole is determine by the language of the applicable regulations).

In this case the U. S. Parole Commission fail to adhere, And comply with Section 24-1231 (A), §24-404 [Formerly §24-204] §24-221.03. [Formerly § 24-431] of the D.C. statutes.

The Supreme Court has recognized certain claims by prisoners as cangnixable under 42 F 3d. U.S.C. & 1983. In ANYANWUTAKU V. Department of Corrections 151 F 3d. At 1055 the plainiff's challenge the Department of Corrections' calculation of his parole eligibility date. The court held that the plainiff's claim was properly brought since parole in the District of Columbia is entirely descetionary and any decision tendered would Not Necessary result in a sooner release.

The issuies in the present case are analogous to those presented in ANYANWUTAKU. Petitioner in this case seeks to invalidate the U. S. Parole Commission's regulation and procedures under Noble And only then seeks injunction dispositive relif IN effectuating his release while ensuing the constitutional resolution of the revocation process.

The U.S. Parole Commission's retroactive application of a law that imposes greater punishment than the law currenly in effect when the crime is committed is facially unconstitutionally, violating the EX POST FACTO clause of the United States Constitution,

Very definitive bright lined provision of the constitution embody Anti-retroactivity principles. The EX POST FACTO clause.

The Good Time Credit Act (GTCA) D.C. code 6-218, Pt. 5. And 34 D.C. Reg. 484 (1987). This statue provide that D.C. code offenders receive full credit for the time spent on parole (street time) Against service of the sentence. The language of the statue is clear And unambiguous:

Every person shall be given credit on the maximum and minimum term of imprisonment for the time spent in custody or on parole. D.C. Code § 24-43 (A) (1996).

The G.T.C.A. language explicitly mandated street time Accrual for parole violators.

## CLAIM FOR RELIEF

Mr. Watson, respectfully request that this honorable court issue A writ of habeas corpus for his release.

The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary And lawless state actions. See BLAIR-BEY V. QUICK 115 F 3d 1036 (D.C. Cir., 1998) EX Post Facto claim.

EX Parte VIRGINIA 100 U.S. 399, 347, 25 L.Ed. 676.,

Yick Wo V. Hopkins 118 U.S. 356 6 S.Ct. 1064, 1071, 30 L.Ed. 220 Violating the eighth fourteenth amendments to the United states constitution. Harris V Nelson 394 U.S. 286, 290-91 89 S.Ct. 1082 22 L.Ed. 2d. 281 (1969)

Specifically habeas corpus relief is appropriate when the U.S. Parole Commission failure to comply with, statutory deadlines, mandatory language in the regulation, Suggest bad faith or prejudices A defendant. See Sutherland V. McCall 709 F.2d. 730, 732-33 (D.C. Cir. 1983)

crum v. United States Parole Commission's 814 F. Supp. 1. 8 (D.C. 1983)

In this case Mr. Watson, has been prejudiced by the U.S. Parole Commission failing to comply with its own regulation and the United States Constitution.

In Jones v Cunningham 371 U.S. 2236 (1963) the court held that the prisoner release on parole from immediate physical confinement was nonetheless sufficiently restrained of his freedom as to be in custody for the purpose of Federal Habeas Corpus. In Rodriquez although he initiated his court action 15 days before Alledge release date the respondent was released as the court ruled that his release date had passed by time the case was decided. Preiser v. Rodriquez 411 US 475 93 S.Ct. 1827 36 L.ed. 2nd 439

The mandatory language in the D.C. Statute § 24-404., [Formerly § 24-204] states while on parole a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorize representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time Allowance. The Supreme Court long ago held that parole is imprisonment in legal effect Anderson v. Corall 263 U.S. 193, 196, 44 S.Ct. 46, 68 L.ed. 247 (1923)

The controlling Judgement & Commitment Orders dose not give the "Attorney General nor any Branch of the Justice Dept. the Authority to Alter Amend or change the prescribed sentence haned down by the honorable court without offending "Due Process, Criminal Procedures, Sentencing & Punishment."

The power to affix the penalty upon conviction is vested exclusively in the trail court and the appellette court is

Vested with no jurisdiction in respect of that power, provided the penalty dose not exceed the statutory limits. Plummer v. U.S. 870 A 2d 539 (2005)

A revocation hearing is not a trial it is merely an administrative process within the framework of Prisoner Rehabilitation, and penal administration. Hyser v. Reed 115 U.S. App. D.C. 254 318 F 2d 225-240. See Story v. Rives 68 D.C. App. 325 331 97 F 2d 182, 188.

In Anyanwutaku v Department of Corrections 151 F 3d. 1055, the plaintiff challenge the Department of Corrections, calculation of his parole eligibility date. The court held that the plaintiff's claim was properly brought since parole in the District of Columbia is entirely discretionary and that any decision tender would not necessarily result in a sooner release. The petitioner claims that the continued custody affords him the relief he seeks and the only fair decision Justice CAN renders. It is the Physical Custody, Parole Custody, and Legal Custody that petitioner has satisfied. The same custody the court placed the petitioner under at sentencing and the Attorney General representatives can not complain when they allow the security level to decrease all the way to parole status, but by law it is still consider Legal Custody. The satisfying of custody is all the petitioner / parolee has to contend with.

Mr. Watson, Ask this court to issue a restraining order prohibiting the respondents from transfering Mr. Watson, out of this jurisdiction then claiming Mr. Watson, petition is moot because he's no longer in this jurisdiction or release Mr. Watson, on bail pending a hearing before this court. Fed R. Civ. P. 81 (b); Hebel v. Luther 544 F. Supp 179 (ND Illinois 1982) or in the alternative have the U.S. Marshall service place a hold on Mr. Watson, until the outcome of this petition. This court possess jurisdiction to hear this case under 28 U.S.C § 2241 see Blair Bey v. Quick 151 F 3d 1036 1043-44 (D.C. Cir 1998)(conclud-

ing)(that D.C. code 16-1901 does not bar district court from hearing petitions brought by D.C. prisoners under 28 U.S.C. § 2241). The principal purpose of the writ of habeas corpus is to protect every person from being detained, restrained or confined by any branch or agency of the government and to enable those unlawful incarcerated to obtain their freedom. See Scaggs V. Lassen 90 S. Ct. 5 396 US 1206, 24 L.Ed. 2d 28 (1969) where parole authorities violate their own rules by unlawful incarcerating parolee, the "great writ" will will issue. Abraham V United States 465 F Supp 610; 612 (D.N.H 1979). Venue is proper under 28 U.S.C § 1391. Petitioner was charge and convicted of violating the criminal laws of the District of Columbia and was sentenced by a District of Columbia Superior court judge. Generally the jurisdiction of federal district courts to issue writ of habeas corpus" is restricted to those petitioners who are confined or detained within the territorial jurisdiction of the court. Abrens V. Clark 335 US. 188 192, 68 S. Ct. 1443, 1445, 92 L. Ed. 1898, (1948) Mr. Watson is detained within the territorial jurisdiction of this court at the D.C. Central Treatment Facility. Mr. Watson, move this honorable court for an order striking the U.S. Parole Commission's decision to revoke petitioner parole for the good reason adduced herein; or in the alternative order an expedited hearing to determine same. And issue an order to the respondent to show cause why the writ should not be granted.

Respectfully Submitted

Merle V. Watson Jr
1901 E. St. S.E.
Washington D.C. 20003

CLOSED, TYPE-G

**U.S. District Court**
**District of Columbia (Washington, DC)**
**CIVIL DOCKET FOR CASE #: 1:01-cv-02418-GK**
**Internal Use Only**

WATSON v. GAINES, et al
Assigned to: Judge Gladys Kessler
Demand: $0
Cause: 28:2241 Petition for Writ of Habeas Corpus (federa

Date Filed: 11/21/2001
Date Terminated: 12/20/2002
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**MERLE V. WATSON, JR**

represented by **MERLE V. WATSON, JR**
DC 176-159
D.C. DETENTION FACILITY
1901 D Street, SE
Washington, DC 20003
PRO SE

**Lisa Guffey**
PUBLIC DEFENDER SERVICE
633 Indiana Avenue NW
Washington, DC 20004
(202) 824-2327
Fax: (202) 824-2791
Email: lguffey@pdsdc.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**MICHAEL GAINES**
*U.S. Parole Commission*

represented by **Carl James Schifferle**
OFFICE OF THE CORPORATION COUNSEL
441 4th Street, NW
Suite 600 South
Washington, DC 20001
(202) 724-6624
Fax: (202) 727-3625
Email: carl.schifferle@dc.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel M. Cisin**
U.S. ATTORNEY'S OFFICE
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7289
Fax: (202) 514-8784
Email: dan.cisin@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeannie S. Rhee**
WILMER HALE
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6027

EXHIBITS 1.A. through 1.F.

                                                        Email: jeannie.rhee@wilmerhale.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Respondent**
**MARIE RAGGHIANTI**                    represented by   **Carl James Schifferle**
*U.S. Parole Commission*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel M. Cisin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeannie S. Rhee**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Respondent**
**EDWARD RILEY**                        represented by   **Carl James Schifferle**
*U.S. Parole Commission*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel M. Cisin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeannie S. Rhee**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Respondent**
**JOHN R. SIMPSON**                     represented by   **Carl James Schifferle**
*U.S. Parole Commission*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel M. Cisin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeannie S. Rhee**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Respondent**
**JANE L. JEFFERS**                     represented by   **Carl James Schifferle**
*U.S. Parole Commission*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Daniel M. Cisin**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Jeannie S. Rhee**
                                                         (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**ODIE WASHINGTON**
*Director, D.C. Department of Corrections*
*TERMINATED: 12/19/2002*

represented by **Carl James Schifferle**
(See above for address)
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeannie S. Rhee**
(See above for address)
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly Matthews Johnson**
OFFICE OF THE ATTORNEY GENERAL FOR
THE DISTRICT OF COLUMBIA
441 Fourth Street, NW
Washington, DC 20001-4600
(202) 724-6615
Fax: 202-727-6013
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tarifah Coaxum**
OFFICE OF THE ATTORNEY GENERAL
1350 Pennsylvania Avenue, NW
Suite 409
Washington, DC 20004
(202)724-5508
Fax: (202) 727-3625
Email: tarifah.coaxum@dc.gov
*TERMINATED: 08/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

**PATRICIA BRITTON**
*Warden, D.C. Detention Facility, All defendants sued
in their official capacities*
*TERMINATED: 12/19/2002*

represented by **Carl James Schifferle**
(See above for address)
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeannie S. Rhee**
(See above for address)
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kimberly Matthews Johnson**
(See above for address)
*TERMINATED: 12/19/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Tarifah Coaxum**
(See above for address)
*TERMINATED: 08/26/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

| | | |
|---|---|---|
| 11/21/2001 | 1 | PETITION filed by petitioner MERLE V. WATSON JR for writ of habeas corpus ; Attachments (glb) (Entered: 11/27/2001) |
| 11/21/2001 | 2 | APPLICATION by petitioner MERLE V. WATSON JR to proceed in forma pauperis (glb) (Entered: 11/27/2001) |
| 11/21/2001 | 3 | MOTION filed by petitioner MERLE V. WATSON JR for appointment of counsel (glb) (Entered: 11/27/2001) |
| 11/21/2001 | | ORDER by Judge Gladys Kessler granting motion to proceed in forma pauperis [2-1] by MERLE V. WATSON JR (fiat) (N) (glb) (Entered: 11/27/2001) |
| 11/27/2001 | | SHOW CAUSE (8) issued to respondent MICHAEL GAINES, respondent MARIE RAGGHIANTI, respondent EDWARD RILEY, respondent JOHN R. SIMPSON, respondent JANE L. JEFFERS, warden at DC Jail, Corporation Counsel and U.S. Attorney. (td) (Entered: 11/29/2001) |
| 11/27/2001 | 4 | ORDER by Judge Gladys Kessler : motion hearing set for 11:00 a.m. 11/28/01 ; , Further Ordered that the U.S. Marshal shall serve the petition and a certified copy of this Order on Respondents forthwith , and Further Ordered that Respondents, by counsel, shall appear at the hearing on 11/28/01 to show cause why the Writ of Habeas Corpus should not be granted . (N) (glb) Modified on 11/29/2001 (Entered: 11/29/2001) |
| 11/27/2001 | | CASE REASSIGNED to Judge Gladys Kessler (cdw) (Entered: 11/29/2001) |
| 11/28/2001 | 5 | ATTORNEY APPEARANCE for respondents by Jeannie S. Rhee (cdw) (Entered: 11/29/2001) |
| 11/28/2001 | 6 | RESPONSE by respondents to show cause order [4-1], [4-2], [4-3], [4-4]; exhibits (7) (cdw) (Entered: 11/29/2001) |
| 11/28/2001 | 8 | RETURN of service executed as to respondent JANE L. JEFFERS to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 9 | RETURN of service executed as to respondent EDWARD RILEY to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 10 | RETURN of service executed as to respondent MARIE RAGGHIANTI to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 11 | RETURN of service executed as to respondent MICHAEL GAINES to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 12 | RETURN of service executed as to respondent JOHN R. SIMPSON to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 13 | RETURN of service executed as to Corporation Counsel to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 14 | RETURN of service executed as to Robert Okun to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/28/2001 | 15 | RETURN of service executed as to respondent ODIE WASHINGTON to order to show cause on 11/28/01 (td) (Entered: 12/04/2001) |
| 11/29/2001 | | STATUS HEARING before Judge Gladys Kessler: Held. Government counsel is to file a praecipe informing the court of the outcome of the hearing in Superior Court which is to be held on 11/30/01. Counsel for the District of Columbia is to provide the court with a written report by 1/4/02. This report is to inform the court what happened in this case and what steps are to be taken to insure that this does not happen again. Reporter: Susan Tyner (dam) (Entered: 11/29/2001) |
| 11/30/2001 | 7 | ORDER by Judge Gladys Kessler: granting motion for appointment of counsel [3-1] by MERLE V. WATSON JR; that the Clerk shall appoint counsel for the Petitioner from the Civil Pro Bona Panel in accordance with Local Rule 83.11(a) (N) (dam) (Entered: 11/30/2001) |
| 12/03/2001 | 16 | STATEMENT filed by respondents, regarding: U.S. Parole Commission's probable cause hearing on Petitioner's alleged parole violations; Attachment (1). (nmr) (Entered: 12/04/2001) |
| 12/04/2001 | 17 | RETURN of service executed to order to show cause on warden, D.C. Jail on 11/29/01 (ag) (Entered: 12/07/2001) |

| | | |
|---|---|---|
| 12/21/2001 | | SCHEDULING NOTICE: status hearing set for 9:30 1/3/02 ; before Judge Gladys Kessler courtroom 19, sixth floor. (dam) (Entered: 12/21/2001) |
| 12/26/2001 | | SCHEDULING NOTICE: status hearing set for 10:00 1/4/02 ; before Judge Gladys Kessler Courtroom 19, Sixth Floor. (dam) (Entered: 12/26/2001) |
| 12/31/2001 | 18 | SUPPLEMENTAL MEMORANDUM by petitioner MERLE V. WATSON JR to petition for writ of habeas corpus [1-1] by MERLE V. WATSON JR; exhibits (11) (cdw) Modified on 01/08/2002 (Entered: 01/08/2002) |
| 12/31/2001 | | (Court only) Add attorney representation for petitioner MERLE V. WATSON JR by Lisa C. Guffey (cdw) (Entered: 01/08/2002) |
| 01/04/2002 | | STATUS HEARING before Judge Gladys Kessler: oral motion by plaintiff for the case to remain open for 30 days; heard and granted over objection. Reporter: Susan Tyner (tth) (Entered: 01/07/2002) |
| 01/04/2002 | 19 | RESPONSE by respondents to Court's order at status hearing of 11/28/01 directing respondents to file a report explaining the circumstances surrounding this case (cdw) (Entered: 01/08/2002) |
| 01/28/2002 | 20 | ORDER by Judge Gladys Kessler : that a further hearing is to b held in this matter with all counsel present on February 4, 2002, at 10:00 a.m. Mr. John C. Clark, Trustee, Office of the Corrections Trustee, is to be present as well; (N) (tth) (Entered: 01/28/2002) |
| 02/01/2002 | 22 | MOTION filed by petitioner MERLE V. WATSON JR to continue that the hearing set for Monday, 2/4/02 at 10:00 a.m. to Monday, 2/11/02 (dam) (Entered: 02/04/2002) |
| 02/04/2002 | 21 | ORDER by Judge Gladys Kessler : granting Petioner's motion for a continuance status hearing set for 10:00 2/13/02; (N) (tth) (Entered: 02/04/2002) |
| 02/04/2002 | | (Court only) ADMINISTRATIVELY CLOSED motion to continue that the hearing set for Monday, 2/4/02 at 10:00 a.m. to Monday, 2/11/02 [22-1] by MERLE V. WATSON JR (tth) (Entered: 02/13/2002) |
| 02/13/2002 | 23 | ATTORNEY APPEARANCE for respondent ODIE WASHINGTON, respondent PATRICIA BRITTON by Tarifah Coaxum (tth) (Entered: 02/14/2002) |
| 02/13/2002 | | STATUS HEARING before Judge Gladys Kessler: Status Report by the plaintiff due: 3/11/02 status hearing set for 9:30 3/14/02. Permission by Jeannie Rhee to be excused for today; heard and granted. Reporter: Susan Tyner (tth) (Entered: 02/14/2002) |
| 03/05/2002 | 24 | MOTION filed by respondent ODIE WASHINGTON, respondent PATRICIA BRITTON to dismiss the petition for writ of habeas corpus (cdw) (Entered: 03/07/2002) |
| 03/05/2002 | 25 | MOTION filed by respondent ODIE WASHINGTON, respondent PATRICIA BRITTON to stay proceedings (cdw) (Entered: 03/07/2002) |
| 03/12/2002 | 26 | ATTORNEY APPEARANCE for respondent MICHAEL GAINES, respondent MARIE RAGGHIANTI, respondent EDWARD RILEY, respondent JOHN R. SIMPSON, respondent JANE L. JEFFERS by Daniel Miller Cisin (cdw) (Entered: 03/14/2002) |
| 03/15/2002 | 27 | RESPONSE by petitioner MERLE V. WATSON JR in opposition to motion to dismiss the petition for writ of habeas corpus [24-1] by PATRICIA BRITTON, ODIE WASHINGTON . (bm) (Entered: 03/19/2002) |
| 06/28/2002 | 28 | TRANSCRIPT of status call filed for date(s) of 1/4/02. Reporter: Susan Page Tyner (cdw) (Entered: 07/02/2002) |
| 06/28/2002 | 29 | TRANSCRIPT of status call filed for date(s) of 2/13/02. Reporter: Susan Page Tyner (cdw) (Entered: 07/02/2002) |
| 08/26/2002 | 30 | SUBSTITUTION OF COUNSEL for respondents substituting Carl J. Schifferle for attorney Tarifah Coaxum (cdw) (Entered: 08/29/2002) |
| 11/18/2002 | 31 | MEMORANDUM OPINION by Judge Gladys Kessler (N) (tth) (Entered: 11/19/2002) |
| 11/18/2002 | 32 | ORDER by Judge Gladys Kessler : denying motion to stay proceedings [25-1] by PATRICIA BRITTON, ODIE WASHINGTON; setting forth additional instructions to counsel. (N) (tth) (Entered: 11/19/2002) |

| 12/03/2002 | 33 | MOTION filed by respondents to extend time to 12/17/02 to provide documents per Court of 11/18/02 (cdw) (Entered: 12/04/2002) |
| 12/10/2002 | 34 | ORDER by Judge Gladys Kessler : granting motion to extend time to 12/17/02 to provide documents per Court of 11/18/02 [33-1] by respondents (N) (tth) (Entered: 12/10/2002) |
| 12/17/2002 | 35 | STATEMENT filed by respondents regarding: documents listed in Court's order of 11/18/02 (cdw) (Entered: 12/19/2002) |
| 12/19/2002 | 36 | FINAL JUDGMENT by Judge Gladys Kessler: granting motion to dismiss the petition for writ of habeas corpus [24-1] by PATRICIA BRITTON, ODIE WASHINGTON; this case is dismissed without prejudice. This is a final appealable order. (N) (tth) (Entered: 12/20/2002) |
| 12/20/2002 |  | (Court only) JS6 closing event (tth) (Entered: 12/20/2002) |



**Alerts:**

**Name** WATSON, MERLE

**Section** C    **Block** 2A

**Birth** 03/10/1940  **Sex** M  **Race** B  **Release** 00/00/0000

**Admt Type** PV  **SS#** 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

**Cell** 45  **Bed** A  **Location** DCCTF

**Agency ID#** 176159  **Permanent#** 1113969  **Booked Date** 04/11/2008  **Classification** MODERATE

☑ Include Balance on Receipt  ☑ Inmate Receipt  ☑ Include Cost Recovery Disbursement  ☑ Include Officer Signature Line

| Trans Date/Time | Back Date/Time | Code | Switch | Trans Amount | Deposit From/Withdrawal To | Receipt# | Check # | Rev? |
|---|---|---|---|---|---|---|---|---|
| 04/30/2008 12:30 | | CO | 2 | 16.85 | COMMISSARY SUMMARY POSTING | 8162621 | | |
| 04/28/2008 11:51 | | OT | 1 | 6.77 | DC DOC | 8141032 | | |
| 04/23/2008 12:22 | | CO | 2 | 27.57 | COMMISSARY SUMMARY POSTING | 8105970 | | |
| 04/23/2008 09:31 | 04/22/2008 15:47 | MO | 1 | 50.00 | MARGRETT WATSON | 8097219 | MAIL | |

Current Account Balance: **$12.35**

Cost Recovery Balance: **$0.00**

Print    Search

Checks

Ready

Alias
Charges
Classify
Clothing
Cmmsry Hi
Ctgry Lmt
Detainers
Education
Housing
ID#'s
Mail Log
Physical
Property
Questions
QTY Restr
Release
$Rstrction:
Separates
Social
Status
Transact
HXTrels
Visitation



Print

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name .......................... Watson, Merle

2 4 8 4 4 9

Reg. No. ........................ 03814-000
DCDC No. ...................... 176-159
FBI No. .......................... 518 668 W10
Birth Date ..................... 11-14-56
Race .............................. Black

Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ........................ 7-15-2000
Released ................................ January 31, 2000
Time spent in custody of the previous
warrants from 11-28-2001 through 1-3-2002
and from 5-17-2004 through 5-21-2004 to be
credited toward the service of the maximum
term

Date ......................................... June 6, 2005
Termination of Supervision ..... 5-12-2014
[If Conviction Offense Before April 11, 1987 And
Sentence Length ........... 27 years (Aggregate Original); 5,586 days (Parole Violator Term)
Original Offense............. Carrying a Pistol Without a License; Manslaughter; Bail Reform Act

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new
offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable
cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of
the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions
of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found,
you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has
expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information
supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf.
If you deny the charge(s) against you, you may request the presence of those persons who have given information
upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause
is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be
appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1)
restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c)
refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole,
mandatory release, or supervised release in which case the Commission will also decide when to consider you for
further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward
service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** Between 7-15-2000 and 3-29-2005, the releasee
failed to submit urine specimens on 38 occasions. This charge is based on the information contained in the
violation report dated 5-13-2005 from supervising officer Donald Carey.
**I ADMIT [ ] or DENY [ ] this charge.**

Watson, Merle
Reg. No. 03814-000    DCDC No. 176-159

EXHIBIT 1

 

To navigate within the results and the documents use the buttons below.

 

# District of Columbia Statutes

Currency: 11/30/04

## § 24-404. Authorization of parole; custody; discharge [Formerly § 24-204].

(a)  Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, the Board may authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe. While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

(b)  Notwithstanding the provisions of subsection (a) of this section, the Council of the District of Columbia may promulgate rules and regulations under which the Board of Parole, in its discretion, may discharge a parolee from supervision prior to the expiration of the maximum term or terms for which he was sentenced.

(July 15, 1932, 47 Stat. 697, ch. 492, § 4; June 6, 1940, 54 Stat. 242, ch. 254, § 3; July 17, 1947, 61 Stat. 378, ch. 263, § 3; May 22, 1965, 79 Stat. 113, Pub. L. 89-24, § 1; 1973 Ed., § 24-204; 1981 Ed., § 24-204.)

© 1992-2004 VersusLaw Inc.; Pat. Pending

EXIBIT 3.

View Results    New Search

To navigate within the results and the documents use the buttons below.

Prevous Doc    Next Doc    First Hit    Next Hit    Previous Hit

# District of Columbia Statutes    Currency: 11/30/04

## § 24-221.03. Jail time; parole [Formerly § 24-431].

(a)  Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed.

(b)  When a person has been in custody due to a charge that resulted in a dismissal or acquittal, the time that would have been credited against a sentence for the charge, had the charge not resulted in a dismissal or acquittal, shall be credited against any sentence that is based upon a charge for which a warrant or commitment detainer was placed during the pendency of the custody.

(c)  Any person who is sentenced to a term of confinement in a correctional facility or hospital shall have deducted from the term all time actually spent, pursuant to a court order, by the person in a hospital for examination purposes or treatment prior to trial or pending an appeal.

(1981 Ed., § 24-431; Apr. 11, 1987, D.C. Law 6-218, § 5, 34 DCR 484.)

© 1992-2004 VersusLaw Inc.; Pat. Pending

EXIBIT 4.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MERLE V. WATSON Jr.

Vs

MICHAEL GAINS
U S Parole Commission's et al

## MOTION FOR APPOINTMENT OF COUNSEL

Come Now pro-se Merle V. Watson Jr. move this honorable court to Appoint him an Attorney from the Civil Pro-Bona Panel in Accordance with local Rule 83. 11 (A)(N)(dam) Mr. Watson, is a layman At the law And unAble to pay for an Attorney And justice would be best served if an Attorney was Appointed in this matter.

Respectfully Submitted
Merle V Watson Jr

FOR THIS DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERLE V WATSON JR.

Vs

MICHAEL GAINS Et Al
U.S PAROLE COMMISSIONS

## RESTRAINING ORDER

Come Now Pro-Se Petitioner MERLE V. WATSON Jr, respectfully request that this court issue A restraining order prohibiting the respondents or Any of their Agency from transfering him out this jurisdiction.

The respondents Are hereby order Not to transfer petitioner Merle V. WATSON Jr, from out of this jurisdiction until the out come this CASE thats before the court or until further Notice from this court.

Respectfully Submitted
Merle V WATSON

G/-1075
PLF

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS

Merle V. Watson, Jr

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *Knox*
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PD)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 176-159

## DEFENDANTS

Michael Gaines, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-01075
Assigned To : Friedman, Paul L.
Assign. Date : 6/23/2008
Description: Habeas Corpus

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR** ☐ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| ☑ **G. Habeas Corpus/ 2255**<br><br>☑ 530 Habeas Corpus-General<br>☑ 510 Motion/Vacate Sentence | ☐ **H. Employment Discrimination**<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I. FOIA/PRIVACY ACT**<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ **J. Student Loan**<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K. Labor/ERISA (non-employment)**<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L. Other Civil Rights (non-employment)**<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M. Contract**<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N. Three-Judge Court**<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

---

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 0    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☑ NO   If yes, please complete related case form.

DATE 6/23/08    SIGNATURE OF ATTORNEY OF RECORD   NCD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.