UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MERLE V. WATSON                                    )
                                                   )
              Petitioner,                          )
                                                   )
       v.                                          )          Civil Action No. 08-1075 (PLF)
                                                   )
MICHAEL GAINES, et. al.,                           )
                                                   )
              Respondents.                         )
                                                   )
                                                   )
_____)

**RESPONSE BY THE DISTRICT OF COLUMBIA**

        The District of Columbia files this response to the Court's Order to Show Cause issued

June 25, 2008, and received in the Office of the Attorney General for the District of Columbia on

July 7, 2008.[1]  The petitioner, Merle V. Watson, filed a *pro se* petition for a writ of habeas

corpus challenging the manner of execution of his sentence.  As directed by the Court, the

District of Columbia, through counsel, respectfully submits this response to the Court's Order to

show cause why the writ of habeas corpus should not issue.

                                            FACTS

        According to the Petition, petitioner was arrested on December 20, 2007 for possession

of a prohibited weapon (a steak knife) and a parole violation.  (Pet. at 2).  Petitioner was

sentenced on April 10, 2008 to a prison term of fourteen months.  (Pet. at 6).  Petitioner contends

that he has not been properly credited for time previously served and that the United States

Parole Commission ("USPC") improperly revoked his parole. (Pet. at 5).  The relief that

petitioner seeks is either an order striking the USPC decision to revoke his parole or a hearing to

_____

[1] The director of the District of Columbia Department of Corrections and the warden of its Central Treatment
Facility have been improperly named to this action in their "official capacity." *Brandon v. Holt*, 468 U.S. 464
(1985); *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985); *Will v. United States*, 491 U.S. 58, 71 (1989) The
District of Columbia is the proper party.

be held on this matter.  (Pet. at 13).  The petitioner is not in the custody of the District and is now

in the custody of the Federal Bureau of Prisons ("BOP").

DISCUSSION

As a legal and practical matter, the District of Columbia or its agents cannot provide a

response to the merits of the petition because the District of Columbia lacks authority over parole

and sentencing matters.  Through the National Capital Revitalization and Self-Government

Improvements Act of 1997, Pub. L. 105-33, D.C. Code sections 24-101 through 131 (2001 and

2006 Supp.) (hereinafter the "Act"), the United States Congress transferred responsibility for the

imprisonment of District of Columbia felons from the District of Columbia to the BOP, and

transferred the parole authority for such felons from the D.C. Board of Parole to the USPC.  *See*

*Crawford v. Jackson*, 323 F.3d 123, 125-126 (D.C. Cir. 2003); *see also Gant v. Reilly*, 224

F.Supp.2d 26, 37 (D.D.C. 2002).   In accordance with the Act, the D.C. Board of Parole no

longer exists, and the USPC has assumed all of its parole functions.  Thus, the District of

Columbia has no authority to respond to the merits of a petition that alleges parole matters, but

the District will abide by any lawful order of this Court with regard to the petitioner.  The real

party in interest is the United States Attorney, representing the USPC, whose actions are at issue

herein.  Thus, the District of Columbia defers to the Office of the United States Attorney on this

matter.

In addition, as set forth in D.C. Code § 16-1901(a), a writ of habeas corpus may only be

"directed to the officer or other person in whose custody or keeping the party so detained is

returnable forthwith before the court or judge."  *See Perkins v. Henderson*, 881 F.Supp. 55,

61 (D.D.C. 1995) ("Habeas petitions are directed to a prisoner's custodian. . . . In all but

extraordinary cases a petitioner's custodian is the warden of the facility where the petitioner is

incarcerated.").  The District of Columbia is not the custodian of petitioner.  Accordingly, a writ

of habeas corpus should not be issued and this petition should be dismissed as to the District of

Columbia.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
TONI MICHELLE JACKSON (453765)
Chief, General Litigation § III

_____/s/_____
ALEX KARPINSKI[2]
(Michigan Bar No. P58770)
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
E-mail: alex.karpinski@dc.gov

---

[2] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Mr. Karpinski has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 28, 2008, a copy of the foregoing response and proposed order were mailed postage prepaid to:

Merle V. Watson, Jr.
Federal Reg. No. 03814-000
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD  21501
*Petitioner*


/s/ Alex Karpinski
Alex Karpinski
Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MERLE V. WATSON | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1075 (PLF) |
| | ) | |
| MICHAEL GAINES, et. al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| _____) | | |

<u>ORDER</u>

Upon consideration of the District of Columbia's response to petitioner's petition for writ

of habeas corpus and the record herein, it is hereby,

ORDERED: that the Petition for the Writ of Habeas Corpus shall be denied as to the

District of Columbia respondents; it is,

FURTHER ORDERED: that the Court's Order to Show Cause shall be discharged as to

the District of Columbia respondents.

SO ORDERED, this _____ day of _____, 2008.


_____
Paul L. Friedman
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MERLE V. WATSON )<br><br>      Petitioner, )<br><br>      v. )<br><br>MICHAEL GAINES, et. al., )<br><br>      Respondents. )<br><br>_____) | Civil Action No. 08-1075 (PLF) |

<u>ORDER</u>

Upon consideration of the District of Columbia's response to petitioner's petition for writ

of habeas corpus and the record herein, it is hereby,

ORDERED: that the Petition for the Writ of Habeas Corpus shall be denied as to the

District of Columbia respondents; it is,

FURTHER ORDERED: that the Court's Order to Show Cause shall be discharged as to

the District of Columbia respondents.

SO ORDERED, this _____ day of _____, 2008.


_____
Paul L. Friedman
United States District Judge