**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MERLE V. WATSON, JR.** | : | |
| **Petitioner** | : | **Civil Action No. 08-1075 (PLF)** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL GAINES, et. al.,** | : | |
| **Respondents** | : | |

**FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S
PETITION FOR A WRIT OF HABEAS CORPUS**

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's pro se petition for a writ of habeas corpus.  As grounds to support his petition, the petitioner claims that  he has completed service of his sentences in F5501-78 and F2589-81 because the U.S. Parole Commission ("the Commission") and the Federal Bureau of Prisons ("BOP") have improperly forfeited the time he spent on parole, known as street time, and because he has not been given sentence credit for time in custody in a time period between 2000 and 2002 and between 2003 to 2004 for charges which were either ultimately dismissed or for which he was acquitted.  Because the District of Columbia Court of Appeals has decided the issue concerning the forfeiture of street time raised by the petitioner squarely in favor of the position of the U.S. Parole Commission, and because the petitioner has been given the applicable sentence credit for time spent in custody on charges in which he was ultimately acquitted or the charge dismissed, the petitioner's petition should be summarily denied.

**PROCEDURAL HISTORY**

On October 13, 1981, the petitioner, Merle V. Watson, Jr., was sentenced in Superior

-1-

Court Cases F5501-78 and F2589-91 to an aggregate term of incarceration of 9 to 27 years for committing the offenses of manslaughter, carrying a pistol without a license and a Bail Reform Act violation. See Exhibit A (Judgment and Commitment Order for F5501-78) and Exhibit B (Judgment and Commitment Order for F2589-91).[1] The petitioner was paroled on November 1, 1993, with a full-term sentence date of February 17, 2009. See Exhibit D (Certificate of Parole).

On January 25, 1999, the D.C. Board of Parole ("the Board") issued a parole violator warrant, which was executed on January 27, 1999. See Exhibit E (Warrant). The petitioner was re-paroled on January 31, 2000, with a re-calculated full-term sentence date of May 12, 2014. See Exhibit F (Certificate of Parole).

On July 14, 2000, the petitioner was arrested and charged with drug offenses in 2000 CMD 8105. See Exhibit G (Replicated Criminal Information System). On July 20, 2000, the D.C. Department of Corrections placed the petitioner on escape status. On August 1, 2000, the Board issued another parole violator warrant for the petitioner. See Exhibit H (Warrant). The petitioner was arrested again on August 23, 2000, and charged with assault with a dangerous weapon, carrying a dangerous weapon, escape and a Bail Reform Act violation in 2000 FEL 5169, and with escape in 2000 FEL 5173. See Exhibit I (Replicated Criminal Information System). The petitioner was detained on August 25, 2000, in all three cases. See Exhibit J (Commitment Pending Disposition). The parole warrant was filed as detainer on August 26, 2000, and re-filed on September 21, 2000. See Exhibit K (Detainers). After the charges were dismissed, the petitioner was released from custody on October 12, 2000 in 2000 FEL 5169 and

---

[1]The defendant was also convicted in Cr. No. 90-139 for possession of a firearm by a felon and sentenced on June 20, 1990, to a consecutive term of 33 months' imprisonment. See Exhibit C (Judgment and Commitment Order).

on October 13, 2000 in 2000 CMD 8105. See Exhibit L (Release Orders).  Based on the

government's motion to dismiss, 2000 FEL 5173 was dismissed on November 17, 2000, and the

petitioner was released. See Exhibit M (Motion To Dismiss) and Exhibit N (Release Order).

On November 28, 2001, the U.S. Marshal's Office executed the parole violator warrant

for the petitioner.  See Exhibit O (Memorandum).  The petitioner was given a probable cause

hearing by the Commission hearing examiner on November 30, 2001. See Exhibit P (D.C.

Probable Cause Hearing).[2]  The hearing examiner found probable cause that the petitioner had

violated the conditions of his parole.  Id. at p. 4.   A hearing examiner met with the petitioner on

December 31, 2001, to conduct a revocation hearing, but the examiner continued the hearing at

the petitioner's request. See Exhibit Q (Memorandum).  On January 2, 2002, the Commission

ordered the petitioner's release and reinstatement to supervision. See Exhibit R (Notice of

Action).

On October 23, 2003, the Commission issued a parole violator warrant for the petitioner

for committing law violations based on an arrest on August 30, 2003, charging the petitioner in

Criminal Case No. 03-420 with committing the offenses of felon in possession of a firearm,

carrying a pistol without a license, receiving stolen property, unregistered firearm and

unregistered ammunition.  See Exhibit S (Warrant Application) and Exhibit T (Warrant).  After

the petitioner was acquitted on May 12, 2004, in Criminal Case No 03-420 in the U.S. District

Court for the District of Columbia, the parole violator warrant was executed on May 17, 2004,

---

[2]On August 5, 2000, the Commission assumed the responsibility of making parole
revocation decisions for all D.C. Code felony offenders pursuant to the National Capital
Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33,
§11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly § 24-
1231).

and the petitioner was taken into custody on the parole warrant.  See Exhibit U (Judgment of

Acquittal), Exhibit T at p. 2 and Exhibit V (Memorandum).  The petitioner was given a probable

cause hearing on May 21, 2004.  See Exhibit W (D.C. Probable Cause Hearing Digest).  The

hearing examiner found no probable cause, and the Commission, on May 21, 2004, ordered the

petitioner's immediate release to parole supervision.  See Exhibit W at p. 2 and Exhibit X

(Notice of Action).

      The Commission issued another parole violator warrant for the petitioner on June 6,

2005, charging the petitioner with violating the conditions of his parole by failing to submit to

drug testing, using dangerous and habit forming drugs, and failing to report to his supervision

officer.  See Exhibit Y (Warrant Application) and Exhibit Z (Warrant).  The parole warrant was

executed on October 6, 2005.  See Exhibit Z at p. 2 and Exhibit AA (Memorandum).  The

petitioner was given a probable cause hearing on October 11, 2005, and, at the hearing, the

petitioner agreed to a revocation decision without a hearing.  See Exhibit BB (D.C. Probable

Cause Hearing Digest) and Exhibit CC (Advanced Consent to Expedited Revocation Decision).

The Commission concurred with the proposed disposition of the case and, by a notice of action

dated October 24, 2005, informed the petitioner that his parole was revoked, the time he spent on

parole was forfeited, and established a presumptive parole date of October 5, 2006, after the

service of 12 months.  See Exhibit DD (Notice of Action).  On November 1, 2005, the

Commission issued another notice of action, granting the petitioner sentence credit from

November 17, 2000 through January 3, 2002, and from May 17, 2004 through May 21, 2004.

See Exhibit EE (Notice of Action).  The petitioner was re-paroled again on October 5, 2006, with

a re-calculated full-term date of November 9, 2019.  See Exhibit FF (Certificate of Parole).[3]

The Commission issued another parole violator warrant for the petitioner on May 1, 2007, charging the petitioner with violating the conditions of his parole by violating the special drug aftercare provision, and failing to report to his supervision officer.  See Exhibit GG (Warrant Application) and Exhibit HH (Warrant).  The parole warrant was executed on December 26, 2007.  See Exhibit HH at p. 2.[4]  On April 10, 2008, the petitioner agreed to a revocation decision without a hearing.  See Exhibit JJ (Response to Expedited Revocation Proposal).  The Commission concurred with the proposed disposition of the case and, by a notice of action dated April 16, 2008, informed the petitioner that his parole was revoked, the time he spent on parole was forfeited, and established a presumptive parole date of February 21, 2009, after the service of 14 months.  See Exhibit KK (Notice of Action).  Because of the loss of his time spent on parole, the petitioner's new full-term sentence date was extended to January 27, 2021.  See Exhibit LL (Sentence Monitoring Computation Data dated 5/2/08).

## ARGUMENT

The petitioner's contention that he has completed service of his sentences in F5501-78 and F2589-81 and that he is being unlawfully detained beyond the expiration of his sentences is without merit.  Because the District of Columbia Court of Appeals has decided the issue concerning the forfeiture of street time raised by the petitioner squarely in favor of the position of

---

[3]The parole certificate shows a release date of October 5, 2006, but the petitioner actually was released the next day.

[4]The petitioner was arrested on December 20, 2007, and charged with threats and possession of a prohibited weapon in 2007 CMD 29329.  The petitioner is scheduled for trial in this case on August 18, 2008. See Exhibit II (Replicated Criminal Information System).

the U.S. Parole Commission, and because the petitioner has been given the applicable sentence

credit for time spent in custody on charges in which he was ultimately acquitted or the charge

dismissed, the petitioner's petition should be summarily denied.[5]

**A.      Parole Commission Properly Forfeited Petitioner's Time On Parole**

The petitioner argues that, when his parole was previously revoked, the Commission was

barred from forfeiting the time he had spent on parole, i.e., his street time.  The petitioner claims

that the forfeiture of street time by the Commission has resulted in the full-term date of his

original sentence being impermissibly extended beyond the full-term date he was given when he

was originally released on parole.  Therefore, the petitioner argues that he is being unlawfully

detained beyond the expiration of his sentence.

What the petitioner is protesting, of course, is the decision of the District of Columbia

---

[5]While the petitioner was not in the District of Columbia at the time that he filed his habeas petition, he is now housed at the District of Columbia Central Detention Facility.  The petitioner was brought back from his federal institution for his trial in 2007 CMD 29329, currently scheduled for August 18, 2008. See Exhibit II. Accordingly, the Court has subject-matter and personal jurisdiction because the petitioner is confined at the District of Columbia Central Detention Facility. However, the only proper respondent is Deputy Warden Stanley Waldern of the Central Detention Facility. See 28 U.S.C. § 2243; Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian.'"); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a Parole Commission action on the sentence a prisoner is currently serving in a federal penal facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§ 2241-2243") (citations omitted); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("longstanding practice confirms that in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official") (citations omitted). Accordingly, the Court should strike the respondents named in the caption of the petitioner's writ, and substitute the Deputy Warden Waldern of the Central Detention Facility as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

Court of Appeals in U. S. Parole Comm'n  v. Noble, 711 A.2d 85 (D.C. 1998), adopting en banc U.S. Parole Comm'n  v. Noble, 693 A. 2d 1084 (D.C. 1997).  This decision upheld the applicability of D.C. Code § 24-406 (a) to D.C. Code parolees like the petitioner.   D.C. Code § 24-406 (a) states, in part, that, when parole is revoked, none of the time the parolee spent under parole supervision shall be credited toward his sentence.  See also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Campbell v. U.S. Parole Comm'n, 2008 WL 1883547, *2 (D.D.C. April 29, 2008) (D.C. offenders cannot receive credit for "street time" after parole is revoked); Wills v. Smith, 2007 WL 143847, *2 (D.D.C. May 15, 2007) (same); Sanders v. U.S. Parole Comm'n, 2006 WL 473786, *4-5 (D.D.C. Feb. 28, 2006) (same); Mills v. U.S. Parole Comm'n, 2006 WL 27062, *3 (D.D.C. Feb. 2, 2006) (same); McQueen v. U.S. Parole Comm'n, 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n, 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same).

The petitioner further argues that the forfeiture of his street time violates the Ex Post Facto and Due Process clauses of the Constitution.  However, the District of Columbia Court of Appeals has ruled squarely that the forfeiture of street time does "not violate the Ex Post Facto or Due Process Clauses" of the Constitution. Davis v. Moore, 772 A.2d 204, 209 (D.C. 2001) (en banc); see also Jones, 2002 WL 31189792 at *1 (no Ex Post Facto violation when sentence was recalculated to exclude any credit previously given for street time); Campbell v. U.S. Parole Comm'n, 2008 WL 1883547, *2 (forfeiture of "street time" for D.C. offenders does not violate Ex Post Facto or Due Process clauses); Montgomery v. U.S. Parole Comm'n, 2007 WL 1232190, *3 (D.D.C. Apr. 26, 2007) (no Ex Post Facto violation when sentence was recalculated to

exclude any credit previously given for street time); Sanders v. U.S. Parole Comm'n, 2006 WL

473786, *4-5 (same); Mills v. U.S. Parole Comm'n, 2006 WL 27062, *3 (forfeiture of "street

time" for D.C. offenders does not violate Ex Post Facto or Due Process clauses).  Thus, the U.S.

Parole Commission and its predecessor, the D.C. Board of Parole, correctly forfeited all of the

time the petitioner spent on parole supervision upon the revocation of his parole, and properly

extended the petitioner's full-term sentence date.  Given that the petitioner's parole has been

revoked on three prior occasions, his current projected full-term sentence date is April 7, 2019.

See Exhibit MM at p. 2 (BOP Sentence Monitoring Computation Data dated 7/24/08).

**B.    Petitioner Has Received Applicable Sentence Credit**

The petitioner also argues that he has not received the sentence credit that he is owed for

the time periods he was in custody on charges that were either dismissed or on which he was

acquitted.  Upon receipt of the petitioner's petition and upon receiving further documentation

relating to his custody and the execution of prior parole violators warrants, BOP has corrected the

petitioner's sentence computation and has now given the petitioner sentence credit to which he is

entitled for 8/25/00 to 1/3/02 for the time he was in custody on 2000 CMD 8105, 2000 FEL

5169, and 2000 FEL 5173, charges that were later dismissed.  See Exhibit MM at p. 4.  In

addition, the petitioner has received sentence credit to which he is entitled for the time period

10/23/03 to 5/21/04, for the time he was in custody in Cr. No. 03-420, in which he was ultimately

acquitted. Id.  Thus, the petitioner's full-term date has been advanced from January 27, 2021, to

April 7, 2019.  See Exhibits LL and MM.[6]   Accordingly, the petitioner has been awarded all of

_____

[6]D.C. Code § 24-221.03 cited by the defendant was not enacted until April 11,1987, and
thus is not applicable to the petitioner's 1978 and 1981 convictions.  D.C. Code § 24-221.03 was
enacted as part of the Good Time Credits Act of 1986.  "Prior to [this statute], there was no

the sentence credit to which he is entitled.

## CONCLUSION

For the foregoing reasons, the petitioner's challenge to his full-term sentence date is

without merit and his petition for a writ of habeas corpus should be summarily denied.

A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

   /s/ John P. Mannarino
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444-384

   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

---

District of Columbia statute expressly authorizing credit against the sentence for time spent in
confinement." Shelton v. United States, 721 A.2d 603, 605 (D.C. 1998). Because at the time of
the defendant's convictions there was no D.C. statute authorizing this sentence credit, BOP
applied 18 U.S.C. § 3568 (repealed November 1, 1987), and its policy guidelines in effect at the
time of the defendant's convictions that authorize a defendant to receive sentence credit from the
time the parole detainer warrant is issued or lodged up to the time the charges are dismissed or
the defendant is acquitted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the federal respondents' opposition has been filed electronically with the Court served by mail upon the petitioner, Merle V. Watson, Jr., DCDC # 176-159, D.C. Department of Corrections Central Detention Facility, 1901 D Street, S.E., Washington, D.C. 2003, this 5th day of August, 2008.

/s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MERLE V. WATSON, JR.** | **:** | |
| **Petitioner** | **:** | **Civil Action No. 08-1075 (PLF)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MICHAEL GAINES, et. al.,** | **:** | |
| **Respondents** | **:** | |

## <u>ORDER</u>

      Upon consideration of the Petitioner's <u>Pro</u> <u>Se</u> Petition for a Writ of Habeas Corpus, the

Federal Respondents' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and

for the reasons stated in the Federal Respondents' Opposition, it is hereby

      **ORDERED** that the show cause order as to the Federal Respondents is discharged, and

that Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

      **SO ORDERED**, this _____day of _____, 2008.

 

_____
Paul L. Friedman
U.S. District Court Judge

Copies to:

Merle V. Watson, Jr.
DCDC # 176-159
D.C. Central DetentionFacility
1901 D. Street, S.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

UNITED STATES OF AMERICA

vs

Neele V. Watson

Case Number _F 5501-73-E_

PDID Number _266 (69)_

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty  ☒ Guilty

to the charge(s) of _____ E) CPw_ _____

_____ G) Manslaughter _____

and having been found guilty by  ☐ Jury  ☒ the Court

and a pre-sentence investigation and report having been  ☒ prepared and considered  ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_____ A MIN/F FIVE (5) YEARS AND MAX/F FIFTEEN (15) YEARS _____

_____ G MIN/F THREE (3) YEARS AND MAX/F NINE (9) YEARS _____

_____ + CTS G + E TO RUN CONSECUTIVE TO EACH OTHER AND _____

_____ CONSECUTIVE TO ANY OTHER SENTENCE _____

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_____ 10-13-E _____
Date

_____
Judge

## A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

_____
Date

_____
Deputy Clerk

Form CD(18)-1039/Nov. 80
Previous editions (CD-48) may be used.

**White — Court Docket**   **Pink — Prosecutor**
**Canary — Jail**   **Goldenrod — Defense Counsel**

81—P5544

**EXHIBIT B**

# Superior Court of the District of Columbia

### CRIMINAL DIVISION

## JUDGMENT AND COMMITMENT ORDER

114

UNITED STATES OF AMERICA

vs

MERLE V. WATSON

Case Number _F_2559-81 B_

PDID Number _266-643_

WHEREAS the above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty

to the charge(s) of _____ B) BRA FELONY _____

_____

and having been found guilty by ☐ Jury ☒ the Court

and a pre-sentence investigation and report having been ☒ prepared and considered ☐ not requested

IT IS HEREBY ADJUDGED that the defendant has been convicted of and is guilty of the offense(s) charged.

The defendant having been given an opportunity to make a statement in his own behalf, and the government having had the opportunity to reply thereto, it is hereby

ORDERED that the defendant be committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of

_NLT ONE (1) YEAR AND NMT THREE (3) YEAR_

_, TO RUN CONSECT. TO ANY OTHER SENTENCE_

_____

IT IS FURTHER ORDERED that the Clerk or his Deputy deliver a true copy of this order to the United States Marshal and that the copy shall serve as the commitment of the defendant.

_10-13-81_
Date

_____
Judge

A TRUE COPY OF THIS ORDER DELIVERED TO THE U.S. MARSHAL OR HIS DEPUTY:

_10-13-81_
Date

_____
Deputy Clerk

Form CD(15)-1039/Nov. 80
Previous editions (CD-46) may be used.

White — Court Jacket          Pink — Prosecutor
Canary — Jail          Goldenrod — Defense Counsel

81—P5544

**EXHIBIT C**

AO 245 S (3/88) Sheet 1 - Judgment Including Sentence Under the Sentencing Reform Act

176159

MAX Sec

# United States District Court

for the    District of    Columbia

**FILED**

JUN 20 1990

Clerk, U.S. District Court
District of Columbia

UNITED STATES OF AMERICA

V.

MERLE V. WATSON, JR.

**(Name of Defendant)**

**JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT**

Case Number CR 90-0139-04

G. Allen Dale, Esquire
**Defendant's Attorney**

**THE DEFENDANT:**

XX☐ pleaded guilty to count(s) ___Four_____.
☐ was found guilty on count(s) _____ after a
plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 922(g)(1) | Possession of a Firearm by a Felon | Four |

The defendant is sentenced as provided in pages 2 through ___4___ of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____,
and is discharged as to such count(s).
☐ Count(s) _____ (is)(are) dismissed on the motion of the
United States.
☐ The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
X☐ It is ordered that the defendant shall pay to the United States a special assessment of $ _50.00_ ,
which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

**Defendant's Soc. Sec. Number:**
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

**Defendant's mailing address:**
Incarcerated

**Defendant's residence address:**
Incarcerated

June 20 1990
Date of Imposition of Sentence

*Gerhard A. Gesell*
Signature of Judicial Officer
GERHARD A. GESELL
Judge, United States District Court
Name & Title of Judicial Officer

June 20 1990    JAMES F. DAVEY, CLERK

By _____
Deputy Clerk

AO 245 S (3/88) Sheet 2 - Imprisonment

Defendant:   Merle V. Watson, Jr.                    Judgment—Page __2__ of __4__
Case Number:  CR 90-0139-04

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ___THIRTY-THREE (33) months___ .
   Sentence to run consecutively to time to be served on back-up time for manslaughter, pursuant to 5G1.3.

   Defendant shall be given credit for time served.

☐ The Court makes the following recommendations to the Bureau of Prisons:

x☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district,

   ☐ at _____ a.m.
              p.m. on _____ .

   ☐ as notified by the Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons

   ☐ before 2 p.m. on _____.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation Office.

## RETURN

   I have executed this Judgment as follows:

_____
_____
_____
_____

   Defendant delivered on _____ to _____ at
_____ , with a certified copy of this Judgment.

_____
                    United States Marshal

          By _____
                    Deputy Marshal

AO 245 S (3/85) Sheet 3 - Supervised Release

Judgment—Page ___3___ of ___4___

Defendant:    Merle V. Watson, Jr.
Case Number: CR 90-0139-04

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ three (3) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

☐ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Court finds the defendant is unable to pay any fine or cost during period of incarceration or supervised release.

AO 245 S (3/88) Sheet 5 - Standard Condit of Probation

Judgment—Page ____4____ of ____4____

Defendant:    Merle V. Watson, Jr.
Case Number:  CR 90-0139-04

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;

2) the defendant shall not leave the judicial district without the permission of the court or probation officer;

3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5) the defendant shall support his or her dependents and meet other family responsibilities;

6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;

8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

**EXHIBIT D**



# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

BOARD OF PAROLE

93 NOV -3 PH 12: 47

2/20 /94

### ADULT
APD# 13547-93

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ Watson, Merle _____ D.C.DC. _176-159___ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on _Nov. 17,_ , 19 _93_, and that said person remain under supervision within the limits of the _U.S. Marshall_ ~~including the District of Columbia, Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia)~~ until _Feb. 17, 2009_, 19 ___; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 22nd _____ day of _September_ , 19 _93_ .

GRANT PAROLE TO DETAINER ISSUED BY: U.S. Marshall Service

The above-named was released on the _2ND_ day of _NOV._ , 19 _93_.

_JOHN HENDERSON_
Administrator

If subject is released prior to : 02/17/2009
he is to report to Parole Supervision
717 14th St., N.W., Suite 240
Washignton, DC 20005
(202) 727-1646

STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANT:

1.  I will report immediately upon my release to ................................................
    Department of Corrections, Room ............, for my final instructions.

2.  I will not go outside the parole limits fixed in the Certificate of Parole without first
    obtaining the approval of my Parole Officer.

3.  I will not visit or frequent any illegal establishments including places where alcoholic
    beverages are unlawfully sold, dispensed or used.

4.  I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous
    substance or related paraphernalia. Nor will I frequent or visit places where any narcotic
    drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or
    given away.

5.  I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6.  I will make diligent efforts to find and maintain legitimate employment and will support
    myself and legal dependents to the best of my ability.

7.  I will keep my Parole Officer informed at all times as to where I reside and work; and, in
    the event that I lose my employment or change my place of residence, I will immediately
    notify my Parole Officer.

8.  I will not enter into any agreement to act as an informer or special agent for any law
    enforcement agency.

9.  I will obey all laws and personally report to my Parole Officer, at my earliest opportunity,
    any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry
    out the instructions of my Parole Officer and report as directed, knowing that failure to
    do so may at the discretion of the Board of Parole, be sufficient to cause my return to the
    institution.

    SPECIAL CONDITIONS:  Narcotics Surveillance

    I have read or had read to me the conditions of my release and understand that failure to
    comply with any one of them may be considered a violation of my release for which I am
    subject to be returned as a violator. I hereby agree to abide by and comply with all of the
    conditions of parole as stated above.

_Merle V. Watson_ ____171-159____ __11-2-93__ _____
Signature of Parolee           D.C.D.C.              Date

_____ __Case Mgr__ __11-2-93__ _____
Signature of Witness            Title               Date

**EXHIBIT E**

# DISTRICT OF COLUMBIA BOARD OF PAROLE

**WARRANT**

NUMBER: P-34752-99

WIN = W0356565

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE: NAME :** WATSON, MERLE VERNON
**ALIAS:** WATSON, JAMES RAYMOND
JACKSON, JAMES RAYMOND
MUMMY

EXECUTED: 1/27/99
CONF. RETURN
PV F.S.
OF INTAKE
JTF/MPR REPT.
REC'D: 1/27/99

SSN# ████████
DCDC#: 176-159
PDID#: 266643
FBI#: 515177K5
DOB: ████
SEX: MALE
RACE: BLACK
EYES: BROWN
HAIR: BLACK
HEIGHT: 5 ft 11 in
WEIGHT: 123 lbs
COMPLEXION: MEDIUM

**DISTINGUISHING MARKS:** ████████ / ████████

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:**

**LAST KNOWN ADDRESS:** ████████
WASHINGTON DC

**SUBJECT'S LOCATION:** At large_____ Confined in__D.C. Jail_____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of MANSLAUGHTER / ARMED ROBBERY / RECEIVING STOLEN PROPERTY and was on the 2nd of November, 1993 released on parole from the CENTRAL DETENTION FACI And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND*

*RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS,*

*EXCEPT IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF*

*COLUMBIA AUTHORITIES, DO NOT EXECUTE THIS WARRANT. PLACE A DETAINER AND NOTIFY*

*THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS*

*PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT SHALL TAKE PRECEDENCE. IMMEDIATELY*

*NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this 25TH day of JANUARY, 1999*

A TRUE COPY
TEST

*Michael Green*

Director, Michael Green
Parole Determination
D.C. Board of Parole

*Margaret Quick*
Member, D.C. Board of Parole

* **FYCA** *case ONLY: This warrant expires at 12:01 a.m. on _____, 19_____ and the person named MUST NOT be held beyond that time.*

COMM. SERV. RECORD

*WARRANT for return of Paroled Prisoner* _____ WATSON, MERLE V

DCDC No. ___176-159___ to the Central Detention Facility, Washington, D.C.

▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬ ▬

### EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BOARD OF PAROLE

_____ *WASHINGTON* _____ , District of *COLUMBIA* ,

Received this writ the *27 TH* day of *JANUARY* , 19 *99* , and executed same

by arresting Paroled Prisoner *WATSON , MERLE* at

*DCDF* this *27 TH* day of *JANUARY* ,

19 *99*, at _____ a.m./p.m., and committing him/her to *DC·DF*

_____

*Sgt RF Harrison*

Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to

_____ *DCDF* at *1901 D ST SE*

on this *27 TH* day of *JANURY* , 19 *99* , at _____ a.m./pm.,

the institution designated by the Attorney General, with this copy of the Warrant and the Statement

of Alleged Violations attached hereto.

*Sgt RF Harrison*

Executing Officer

═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═ ═

*NOTE: One signed copy of this executed warrant is to be returned to the District of Columbia Board of Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia Board of Parole.*

**<u>EXHIBIT F</u>**

 

**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Board of Parole - Parole Determination Services*

*633 Indiana Avenue, NW, 8th Floor*
*Washington, DC 20004*

# CERTIFICATE OF PAROLE

**ADULT SENTENCE**
**Adult Parole Certificate #  22565-00**

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

**WATSON, Merle V.    D.C.D.C. # 176-159** is eligible to be PAROLED, and it being the

opinion of the BOARD OF PAROLE that the above-named will remain at liberty without

violating the law and that the release of the individual to supervision is not incompatible with the

welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on

**IMMEDIATLEY**, and that said person remain under supervision within the limits of the

**WASHINGTON METRO AREA** (including the District of Columbia; Prince Georges and

Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the

cities of Alexandria, Fairfax and Falls Church, Virginia) until **05-12-2014** unless or until other

action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by

and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.  Pursuant to the BOARD ORDER issued on **01-31-00**.

The above-named was released on the

_____ day of _____,19____.

Chairperson
on behalf of the Board of Parole

Administrator

**If subject is released prior to: 05-12-2014 he/she is to report to Parole Supervision 300 Indiana Ave., N.W.**

## Exhibit _____

**EXHIBIT G**

**DOCKET #:** 2000CMD008105    **DCTN #:** 030003935

**Defendant:** WATSON,MERLE V

**aka** WATSON, MERLE VERNON    B  M  5'11"  140 lbs    **SSN:** ▆▆▆▆▆▆

**AUSA:** MRINDNER    **Intake:** MIS-PWID MJ    **DOB:** ▆▆▆▆▆▆

**Offense: on** 07/14/2000 16:31    **at** 624 T ST NW

**Arrest: on** 07/14/2000 16:31    **at** 624 T ST NW

**by Ofc.:** M RODRIGUEZ B-3762    **RIP Ofc.:**

**Judge:** TURNER,LINDA D    **Defense:** ZEIGER,DAVID

**ARR#:** 03-00-03935
**PDID:** 266-643
**FBI:**
**CCN:** 00-093-028
**Bond:**

----------------------------------------------------------------------

### CASE SUMMARY

**EVENTS**       Event                      Date              Result

**Last:**

**Future:**


**RELEASE CONDITIONS/BOND**

**SC Bond:**                    **Release Status:** Lock Up

**Condition:**                  **Comments:**

**Case Disp:** Case Dismissed          **Disp Dt:** 10/13/2000      **Case File Dt:** 07/15/2000

### CASE COUNTS

| COUNT: 1 - UCSA POSS DRUG PARA - U094 | | Judge: |
|---|---|---|
| **Enhancements** | **Attempts/Other** | **Weapons/Drugs** |
| | | |

**File date:** 07/14/2000       **Indictment Date:**       **Trial Type:**           **Phase:** CRT

**Disposition:**                     **Disposition Date:**

**CONFINEMENT    Type:**            **Min:**            **Max:**

**Sentenced:**                      **Suspended:**

**SUPERVISED RELEASE:**             **Suspended?** No

**COMMUNITY SERVICES/FINES**    **Svc Hrs:**    **Restitution Amt:** 0    **Fine Amt:** 0

**PROBATION    Type:**            **Reinstmnt Dt:**        **Revoctn Dt:**

**Cond. of Prob:**

Case Inquiry Screen
07/29/2008

DOCKET #: 2000CMD008105          DCTN #: 030003935

Defendant: WATSON, MERLE V                                    SSN:                      ARR#: 03-00-03935
    aka: WATSON, MERLE VERNON          B  M  5'11"  140 lbs    DOB:                      PDID: 266-643
    AUSA: MRINDNER                     Intake: MIS-PWID MJ                               FBI:
Offense: on 07/14/2000 16:31      at 624 T ST NW                                         CCN: 00-093-028
 Arrest: on 07/14/2000 16:31      at 624 T ST NW                                         Bond:
 by Ofc.: M RODRIGUEZ B-3762                   RIP Ofc.:
 Judge: TURNER, LINDA D               Defense: ZEIGER, DAVID

------------------------------------------------------------------------------------------------
                                    CASE SUMMARY

    EVENTS   Event                              Date            Result
       Last:

     Future:


    RELEASE CONDITIONS/BOND
    SC Bond:                           Release Status: Lock Up
  Condition:                                Comments:
  Case Disp: Case Dismissed           Disp Dt: 10/13/2000      Case File Dt: 07/15/2000

                                    CASE COUNTS

    COUNT: 2 - UCSA P W/I D MARIJUANA - U091                   Judge: TURNER, LINDA
       Enhancements              Attempts/Other         Weapons/Drugs



        File date: 07/14/2000      Indictment Date:      Trial Type:          Phase: CRT
       Disposition: Dismissed                         Disposition Date: 10/13/2000
  CONFINEMENT   Type:                 Min:                    Max:
       Sentenced:                                        Suspended:
  SUPERVISED RELEASE:              Suspended? No
  COMMUNITY SERVICES/FINES         Svc Hrs:        Restitution Amt: 0       Fine Amt: 0
  PROBATION    Type:                            Reinstmnt Dt:          Revoctn Dt:
       Cond. of Prob:



                          Page  2  of  2

**EXHIBIT H**

# DISTRICT OF COLUMBIA BOARD OF PAROLE



**WARRANT**

NUMBER: P-36695-00

**TO:** *Any Officer of the D.C. Department of Corrections. Any Police Officer or Federal Officer Authorized to Serve Criminal Process*

**RE:** **NAME :** WATSON, MERLE VERNON JR
    **ALIAS:** WATSON, JAMES RAYMOND
           JACKSON, JAMES RAYMOND
           MUMMY

**SSN#** ▮▮▮▮
**DCDC#** 176-159
**PDID#** 266643
**FBI#** 515177K5
**DOB:** ▮▮▮▮
**SEX:** MALE
**RACE:** BLACK
**EYES:** BROWN
**HAIR:** BLACK
**HEIGHT:** 5 ft 11 in
**WEIGHT:** 123 lbs
**COMPLEXION:** MEDIUM

**DISTINGUISHING MARKS:** ▮▮▮▮▮▮▮▮

**SENTENCE TYPE:** ADULT

**PAROLE OFFICER:** BRIGHT, Rodney

**LAST KNOWN ADDRESS:** ▮▮▮▮▮▮▮ Psa: 609
           WASHINGTON, DC 20020

    **SUBJECT'S LOCATION:** At large   X    Confined in _____

*Whereas the above-named person is under sentence in the District of Columbia for the crime(s) of CPWOL / MANSLAUGHTER and was on the 31ST OF JANUARY, 2000 released on parole from the COMPLEX FACILITY, And whereas reliable allegations have been filed with the D.C. Board of Parole that said paroled prisoner has violated the conditions of parole and is therefore deemed to be a fugitive from justice,*

*YOU ARE HEREBY COMMANDED TO TAKE SAID PAROLEE, WHEREVER FOUND IN THE UNITED STATES AND RETURN SAID PAROLEE TO THE CUSTODY OF THE DISTRICT OF COLUMBIA DEPARTMENT OF CORRECTIONS, **EXCEPT** IF SAID PAROLEE IS ALREADY IN THE CUSTODY OF FEDERAL, STATE OR DISTRICT OF COLUMBIA AUTHORITIES, <u>DO NOT EXECUTE THIS WARRANT.</u> PLACE A DETAINER AND NOTIFY THE D.C. BOARD OF PAROLE. ALSO, IF ANOTHER CRIMINAL WARRANT HAS BEEN ISSUED FOR THIS PAROLEE, EXECUTION OF SUCH CRIMINAL WARRANT <u>SHALL TAKE PRECEDENCE.</u> IMMEDIATELY NOTIFY THE D.C. BOARD OF PAROLE WHEN ITS WARRANT IS EXECUTED.*

*WITNESS my hand and the seal of this Board this*   1st *day of* August 2000.

_____
*Member, D.C. Board of Parole*

    **\* FYCA case ONLY:** This warrant expires at 12:01 a.m. on _____, 19____
the person named MUST NOT be held beyond that time.

Warrant Certified as Valid
*Peggy Kirk*
Initials/Date   10-20-00



*WARRANT for return of Paroled Prisoner*_____ WATSON, MERLE V _____

DCDC No.____176-159____ to the Central Detention Facility, Washington, D.C.

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### EXECUTING OFFICIAL'S RETURN TO THE DISTRICT OF COLUMBIA BORAD OF PAROLE

_____, District of *Columbia* ,

Received this writ the __1st__ day of __August__ , ~~19~~ 2000 , and executed same

by arresting Paroled Prisoner __Merle Watson__ at

__Nash NC__ this __28th__ day of. __November__ ,

~~19~~ 2001, at _____ a.m./p.m., and committing him/her to __CDF__

_____

_____
Executing Officer

Further executed same by commitment of the above-named Paroled Prisoner to

_____ at _____

on this _____ day of _____, 19_____, at_____ a.m./pm.,

the institution designated by the Attorney General, with this copy of the Warrant and the Statement

of Alleged Violations attached hereto.

_____
Executing Officer

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

*NOTE: One signed copy of this executed warrant is to be returned to the District of Columbia Board of Parole. If an expired warrant for a prisoner sentenced under the Federal Youth Corrections Act (FYCA) is discovered in your files, it should be returned forthwith to the District of Columbia Board of Parole.*

# **EXHIBIT I**

```
DOCKET #:2000FEL005169          DCTN #:070004388
Defendant: WATSON,MERLE V                                      SSN:                           ARR#: 07-00-04388
      aka: WATSON, MERLE VERNON        B  M  6'00"   130 lbs   DOB:                           PDID: 266-643
     AUSA: TLUCAS                      Intake: FEL-CDW/ESCAPE/NO BRA-PSA704                    FBI:
  Offense: on 08/23/2000 23:10        at  3023 MLK AVE SE                                     CCN: 00-114-968
   Arrest: on 08/23/2000 23:20        at  3023 MARTIN LUTHER KING AVE SE                      Bond:
  by Ofc.: D BAILEY B-218                       RIP Ofc.:
    Judge: RETCHIN,JUDITH E              Defense: SCHRAGER,SETH
```
----------------------------------------------------------------------------------------------------
## CASE SUMMARY

```
   EVENTS    Event                              Date            Result
      Last:

    Future:


   RELEASE CONDITIONS/BOND
     SC Bond:                      Release Status:Bonding Agency/Other
   Condition:                            Comments:
   Case Disp:Grand Jury Dismissal         Disp Dt:10/12/2000     Case File Dt:08/25/2000
```

## CASE COUNTS

```
   COUNT:1 - ADW KNIFE - U914                               Judge:
     Enhancements              Attempts/Other            Weapons/Drugs



        File date:08/23/2000   Indictment Date:        Trial Type:           Phase:CRT
      Disposition:                         Disposition Date:
   CONFINEMENT   Type:                   Min:              Max:
        Sentenced:                                  Suspended:
   SUPERVISED RELEASE:              Suspended?No
   COMMUNITY SERVICES/FINES           Svc Hrs:      Restitution Amt:0        Fine Amt:0
   PROBATION    Type:                      Reinstmnt Dt:          Revoctn Dt:
      Cond. of Prob:
```

Case Inquiry Screen
07/29/2008

DOCKET #: 2000FEL005169          DCTN #: 070004388

| | | |
|---|---|---|
| Defendant: WATSON,MERLE V | SSN: | ARR#: 07-00-04388 |
| aka: WATSON, MERLE VERNON | B  M  6'00"  130 lbs    DOB: | PDID: 266-643 |
| AUSA: TLUCAS | Intake: FEL-CDW/ESCAPE/NO BRA-PSA704 | FBI: |
| Offense: on 08/23/2000 23:10 | at 3023 MLK AVE SE | CCN: 00-114-968 |
| Arrest: on 08/23/2000 23:20 | at 3023 MARTIN LUTHER KING AVE SE | Bond: |
| by Ofc.: D BAILEY B-218 | RIP Ofc.: | |
| Judge: RETCHIN,JUDITH E | Defense: SCHRAGER,SETH | |

-----------------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS   Event                          Date            Result
    Last:

    Future:


RELEASE CONDITIONS/BOND
  SC Bond:                     Release Status: Bonding Agency/Other
Condition:                     Comments:
Case Disp: Grand Jury Dismissal         Disp Dt: 10/12/2000    Case File Dt: 08/25/2000

## CASE COUNTS

COUNT: 2 - BAIL REFORM ACT-FEL - U994                    Judge:

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

     File date: 08/23/2000     Indictment Date:        Trial Type:              Phase: CRT
     Disposition:                                  Disposition Date:

CONFINEMENT   Type:                    Min:              Max:
      Sentenced:                                  Suspended:

SUPERVISED RELEASE:                  Suspended? No

COMMUNITY SERVICES/FINES             Svc Hrs:      Restitution Amt: 0       Fine Amt: 0

PROBATION   Type:                              Reinstmnt Dt:       Revoctn Dt:
    Cond. of Prob:

Case Inquiry Screen
07/29/2008

**DOCKET #:2000FEL005169**          **DCTN #:070004388**

Defendant: WATSON,MERLE V          SSN:                    ARR#: 07-00-04388
  aka: WATSON, MERLE VERNON    B  M  6'00"  130 lbs    DOB:          PDID: 266-643
AUSA: TLUCAS              Intake: FEL-CDW/ESCAPE/NO BRA-PSA704        FBI:
Offense: on 08/23/2000 23:10   at 3023 MLK AVE SE                    CCN: 00-114-968
Arrest: on 08/23/2000 23:20    at 3023 MARTIN LUTHER KING AVE SE     Bond:
by Ofc.: D BAILEY B-218          RIP Ofc.:
Judge: RETCHIN,JUDITH E          Defense: SCHRAGER,SETH

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CASE SUMMARY

| EVENTS | Event | Date | Result |
|--------|-------|------|--------|
| Last: | | | |
| Future: | | | |

RELEASE CONDITIONS/BOND
  SC Bond:                       Release Status: Bonding Agency/Other
Condition:                       Comments:
Case Disp: Grand Jury Dismissal      Disp Dt: 10/12/2000      Case File Dt: 08/25/2000

### CASE COUNTS

COUNT: 3 - ESCAPE FROM INSTITUTION - U706                    Judge:

| Enhancements | Attempts/Other | Weapons/Drugs |
|--------------|----------------|---------------|
| | | |

        File date: 08/23/2000      Indictment Date:      Trial Type:          Phase: CRT
  Disposition:                                 Disposition Date:

| CONFINEMENT   Type: | Min: | Max: |
|---------------------|------|------|
| Sentenced: | | Suspended: |

SUPERVISED RELEASE:              Suspended? No

COMMUNITY SERVICES/FINES         Svc Hrs:       Restitution Amt: 0        Fine Amt: 0

PROBATION   Type:                          Reinstmnt Dt:        Revoctn Dt:
  Cond. of Prob:

Page  3  of  4

```
DOCKET #:2000FEL005169        DCTN #:070004388
Defendant: WATSON,MERLE V                              SSN:              ARR#: 07-00-04388
     aka: WATSON, MERLE VERNON        B  M  6'00"  130 lbs   DOB:        PDID: 266-643
    AUSA: TLUCAS                  Intake: FEL-CDW/ESCAPE/NO BRA-PSA704    FBI:
 Offense: on 08/23/2000 23:10    at 3023 MLK AVE SE                      CCN: 00-114-968
  Arrest: on 08/23/2000 23:20    at 3023 MARTIN LUTHER KING AVE SE       Bond:
 by Ofc.: D BAILEY B-218                RIP Ofc.:
   Judge: RETCHIN,JUDITH E       Defense: SCHRAGER,SETH
```
---------------------------------------------------------------------------------------
## CASE SUMMARY

```
EVENTS   Event                        Date          Result
   Last:

  Future:


RELEASE CONDITIONS/BOND
  SC Bond:                     Release Status: Bonding Agency/Other
Condition:                          Comments:
Case Disp:Grand Jury Dismissal      Disp Dt:10/12/2000    Case File Dt:08/25/2000
```

## CASE COUNTS

```
COUNT: 4 - CDW FELONY - U920                      Judge: RETCHIN,JUDITH
  Enhancements              Attempts/Other        Weapons/Drugs



     File date:             Indictment Date:      Trial Type:           Phase:CRT
   Disposition:Grand Jury Dismissal          Disposition Date:10/12/2000
CONFINEMENT  Type:                 Min:              Max:
    Sentenced:                              Suspended:
SUPERVISED RELEASE:                Suspended?No
COMMUNITY SERVICES/FINES           Svc Hrs:     Restitution Amt:0       Fine Amt:0
PROBATION   Type:                            Reinstmnt Dt:          Revoctn Dt:
     Cond. of Prob:
```

Case Inquiry Screen

DOCKET #:2000FEL005173          DCTN #:USP001089

| | | | | |
|---|---|---|---|---|
| Defendant: WATSON,MERLE V | | | SSN: | ARR#: |
| aka: | B  M  '"      lbs | | DOB: ███████ | PDID: 266-643 |
| AUSA: DBANKS | Intake: | | | FBI: |
| Offense: on | at | | | CCN: |
| Arrest: on | at | | | Bond: |
| by Ofc.: | | RIP Ofc.: | | |
| Judge: RETCHIN,JUDITH E | | Defense: SCHRAGER,SETH | | |

---

## CASE SUMMARY

EVENTS     Event                              Date            Result
    Last:

    Future:


RELEASE CONDITIONS/BOND
SC Bond:                      Release Status:23-1322(b)
Condition:                    Comments:
Case Disp:Case Dismissed      Disp Dt:11/17/2000      Case File Dt:08/25/2000

## CASE COUNTS

COUNT:1 - ESCAPE FROM INSTITUTION - U706                      Judge:

Enhancements                Attempts/Other                Weapons/Drugs



        File date:              Indictment Date:         Trial Type:              Phase:CRT
        Disposition:                            Disposition Date:

CONFINEMENT   Type:                   Min:                      Max:
        Sentenced:                                    Suspended:

SUPERVISED RELEASE:                  Suspended?No

COMMUNITY SERVICES/FINES              Svc Hrs:        Restitution Amt:0          Fine Amt:0

PROBATION    Type:                              Reinstmnt Dt:          Revoctn Dt:
        Cond. of Prob:

DOCKET #: 2000FEL005173          DCTN #: USP001089
Defendant: WATSON,MERLE V                                    SSN:                              ARR#:
      aka:                                    B  M  '"      lbs    DOB: ▬▬▬▬▬       PDID: 266-643
    AUSA: DBANKS                              Intake:                               FBI:
  Offense: on                      at                                              CCN:
   Arrest: on                      at                                              Bond:
  by Ofc.:                                    RIP Ofc.:
    Judge: RETCHIN,JUDITH E                   Defense: SCHRAGER,SETH
-------------------------------------------------------------------------------------------------
                                    CASE SUMMARY

EVENTS     Event                              Date              Result
   Last:

  Future:


RELEASE CONDITIONS/BOND
SC Bond:                          Release Status: 23-1322(b)
Condition:                              Comments:
Case Disp: Case Dismissed              Disp Dt: 11/17/2000     Case File Dt: 08/25/2000

                                    CASE COUNTS

COUNT: 2 - ESCAPE FROM INSTITUTION - 1706                     Judge: RETCHIN,JUDITH
  Enhancements                    Attempts/Other              Weapons/Drugs



       File date: 10/04/2000      Indictment Date: 10/04/2000    Trial Type:          Phase: CRT
    Disposition: Dismissed                          Disposition Date: 11/17/2000
CONFINEMENT   Type:                      Min:                  Max:
    Sentenced:                                                 Suspended:
SUPERVISED RELEASE:                      Suspended? No
COMMUNITY SERVICES/FINES                 Svc Hrs:        Restitution Amt: 0           Fine Amt: 0
PROBATION     Type:                                     Reinstmnt Dt:               Revoctn Dt:
    Cond. of Prob:

# **EXHIBIT J**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

CITY OF WASHINGTON  
DISTRICT OF COLUMBIA } ss.

L 1

Case No. F 5169 00  
Replaces No. _____  
PDID No 2____ ____  
DOB _____

### COMMITMENT PENDING DISPOSITION

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive in to your custody __Merle Vernon Watson__

charged with __Carrying Dangerous Weapon__

- [ ] Pending Sentence
- [ ] Juvenile    [ ] Suicidal    [ ] Drug Addiction    ( ) Treatment Ordered
- [ ] Protective Custody Ordered    [ ] Separated From: _____
- [ ] Work Release    ( ) ORDERED    ( ) RECOMMENDED
- [ ] Medical Treatment for: _____
- [ ] Medication as prescribed by: _____
- [ ] Other Remarks: __Medical Clerk__

BOND SET __No Bond__

Safely keep said defendant in your custody until discharged by due course of law, and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this __25TH__ day of __April__ 20 __02__.

_____  
Judge/Commissioner

Clerk, Superior Court of the District of Columbia

By _____  
Deputy Clerk

White - Court Jacket     Canary - Institution

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CRIMINAL DIVISION

CITY OF WASHINGTON
DISTRICT OF COLUMBIA          ss.

Case No. _____

Replaces No. _____

PDID No. _____

DOB _____

## COMMITMENT PENDING DISPOSITION

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive into your custody _____

charged with _____

☐  Pending Sentence

☐  Juvenile          ☐ Suicidal          ☐ Drug Addiction ( ) Treatment Ordered

☐  Protective Custody Ordered                 ☐ Separate From: _____

☐  Work Release   ( ) ORDERED   ( ) RECOMMENDED

☐  Medical Treatment for: _____

☐  Medication as prescribed by: _____

☐  Other Remarks: _____

BOND SET _____

Safely keep said defendant in your custody until discharged by due course of law; and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____

Clerk Superior Court of the
District of Columbia

_____                              By _____
Judge/Commissioner                                  Deputy Clerk

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CRIMINAL DIVISION

CITY OF WASHINGTON

DISTRICT OF COLUMBIA  } ss.

Case No. F 5 1 7 3 0 5

Replaces No.

PDID No. 2 6 6 643

DOB

### COMMITMENT PENDING DISPOSITION

TO: SUPERINTENDENT, DISTRICT OF COLUMBIA JAIL

Receive in to your custody  _Mark Watson_

charged with  _Assault_

- [ ] Pending Sentence
- [ ] Juvenile     [ ] Suicidal.          [ ] Drug Addiction    ( ) Treatment Ordered
- [ ] Protective Custody Ordered               [ ] Separated From:
- [ ] Work Release     ( ) ORDERED          ( ) RECOMMENDED
- [ ] Medical Treatment for.
- [ ] Medication as prescribed by:
- [ ] Other Remarks:

BOND SET  _No Bond_

Safely keep said defendant in your custody until discharged by due course of law; and for so doing, this shall be your sufficient order.

WITNESS the Honorable Chief Judge of the Superior Court of the District of Columbia, and the seal of said Court this _____ day of _____ 20__.

Judge/Commissioner

Clerk, Superior Court of the District of Columbia

By _____
Deputy Clerk

White - Court Jacket     Canary - Institution

**EXHIBIT K**

Mar-13-03   04:48pm   From-DC DEPT OF CORRECTIONS                 202 671 2514          T-915  P.004   F-285



U.S. Department of Justice
United States Marshals Service

# DETAINER
## BASED ON FEDERAL PAROLE VIOLATION WARRANT
### UNITED STATES MARSHAL

DISTRICT OF __Columbia__

*Please type or print neatly:*

TO:     DC Jail
        Records

DATE:    August 26, 2000
SUBJECT: Watson; Merle Vernon Jr
AKA:     Jackson, James Raymond
DOB/SSN:                        SSN
USMS #:  03714-000
         DCDC 176159
         FDID 266643     Warrant #p36695-00

Please accept this Detainer against the above-named subject who is currently in your custody. The United States Parole Commission has issued a Federal parole violation warrant against the subject. Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer, which is based on a Federal parole violation warrant. In accordance with U.S. Parole Commission regulations, please read or show the following to the subject:

**"YOU ARE HEREBY ADVISED THAT A DETAINER HAS BEEN FILED AGAINST YOU ON THE BASIS OF A WARRANT ISSUED BY THE U.S. PAROLE COMMISSION. IF YOU ARE SERVING A NEW SENTENCE OF CONFINEMENT FOR A CRIME COMMITTED WHILE ON PAROLE, YOU MAY SUBMIT TO THE U.S. PAROLE COMMISSION ANY INFORMATION YOU WOULD LIKE CONSIDERED BY THE PAROLE COMMISSION IN DISPOSING OF THE WARRANT. UPON RECEIPT OF SUCH INFORMATION, YOUR CASE WILL BE REVIEWED ON THE RECORD BY THE PAROLE COMMISSION."**

After reading or showing the above language to the subject, please execute the following:

The foregoing was read to or by the subject and a copy of the Detainer and the charges upon which it is based was delivered to him on _____
                                    (date)

Signed: _____        Title: _____

Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

| RECEIPT |
|---|
| Date: |
| Signed: |
| By: |
| Title: |

Very truly yours,

Donald Horton
*United States Marshal*



Form USM-16c
Rev. 11/98

(202)-698+4877

176159



U.S. Department of Justice
United States Marshals Service



# DETAINER

## BASED ON FEDERAL PAROLE VIOLATION WARRANT

### UNITED STATES MARSHAL

DISTRICT OF Columbia 

*Please type or print name:*

TO: DC JAIL

DATE: SEPTEMBER 21, 2000

SUBJECT: WATSON, MERLE

AKA: WATSON, JAMES

DOB/SSN: ▮▮▮▮▮▮▮▮▮▮

USMS #: 03714-000

CRS: DCDC:176159

Please accept this Detainer against the above-named subject who is currently in your custody. The United States Parole Commission has issued a Federal parole violation warrant against the subject. Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer, which is based on a Federal parole violation warrant. In accordance with U.S. Parole Commission regulations, please read or show the following to the subject:

"YOU ARE HEREBY ADVISED THAT A DETAINER HAS BEEN FILED AGAINST YOU ON THE BASIS OF A WARRANT ISSUED BY THE U.S. PAROLE COMMISSION. IF YOU ARE SERVING A NEW SENTENCE OF CONFINEMENT FOR A CRIME COMMITTED WHILE ON PAROLE, YOU MAY SUBMIT TO THE U.S. PAROLE COMMISSION ANY INFORMATION YOU WOULD LIKE CONSIDERED BY THE PAROLE COMMISSION IN DISPOSING OF THE WARRANT. UPON RECEIPT OF SUCH INFORMATION, YOUR CASE WILL BE REVIEWED ON THE RECORD BY THE PAROLE COMMISSION."

After reading or showing the above language to the subject, please execute the following:

The foregoing was read to or by the subject and a copy of the Detainer and the charges upon which it is based was delivered to him on _____
                                                        (date)

Signed: _____    Title: _____

Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

| RECEIPT |
|---|
| Date: |
| Signed: |
| By: |
| Title: |

Donald Horton
*United States Marshal*

**EXHIBIT L**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CRIMINAL DIVISION

*IN Jail*

UNITED STATES
DISTRICT OF COLUMBIA

Case No. *F 6169-00*

vs.

PDID/PDC No. *266-643*

*Merle Vernon Watson*

## RELEASE ORDER

TO: [X] Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition, having been entered this *12th* day of *October* 20 *00*

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

[X] Released from custody.

☐ Released into the custody of _____

_____
DEPUTY CLERK

_____
JUDGE/COMMISSIONER

Date *10-12-00*

*2H*

COURT COPY




## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CRIMINAL DIVISION

UNITED STATES
~~DISTRICT OF COLUMBIA~~                     Case No. M8105-00

vs.

                                             PDID/~~DCDC~~ No. 266-643

*MerLe V. Watson*

### RELEASE ORDER

TO: ☒ Superintendent, D.C. Jail

☐ Superintendent, St. Elizabeths Hospital

☐ Other _____

Disposition having been entered this *13* day of *October*_____, 20 *00*

in the above-entitled case, it is HEREBY ORDERED that the defendant be

☐ Transferred to _____

_____

☒ Released from custody *this Case only*

☐ Released into the custody of _____

_____

*Sandra B Cane*
DEPUTY CLERK

                                             *W D Turner* *Turner*
                                             JUDGE/~~COMMISSIONER~~

                                             Date *10/13/00*_____

**COURT COPY**

Form CD-1053/Apr. 00                                    *U.S. GPO: 2000-520-719/94591

**Exhibit _____**

**EXHIBIT M**

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. F-5173-00 |
| v. | Calendar VII - JUDGE RETCHIN |
| MERLE WATSON | Trial Date: November 17, 2000 |

### GOVERNMENT'S MOTION TO DISMISS INDICTMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for a dismissal of the indictment in this case and order the release and discharge of the defendant in this case. The undersigned advised counsel for defendant of his intent to seek a dismissal of the action. The undersigned is advised by defendant's counsel that the defendant is being detained under a parole/probation hold. It is in the interest of justice that the case be dismissed, without prejudice, at this time.

WHEREFORE, the United States respectfully requests that the Court dismiss Criminal Case No. F-5173-00 against the defendant, without prejudice, and order the release and discharge of the defendant in this case.

Respectfully submitted,

WILMA A. LEWIS
UNITED STATES ATTORNEY

TO ANTHONY QUINN
ASSISTANT UNITED STATES ATTORNEY

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused copies of the foregoing to be served by hand-delivery _via_ the CJA mailboxes on Set Schrager, Esq., this 14th day of November, 2000.

ASSISTANT UNITED STATES ATTORNEY

## Exhibit _____

**EXHIBIT N**

NOV-28-2001  12:57                                        2025148784   P.32/46



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

UNITED STATES
DISTRICT OF COLUMBIA

Case No. **F 5173-00**

vs.

PDID/DCDC No. **266 643**

Meele V. Watson

CDF# 125

### RELEASE ORDER

TO:  ☒  Superintendent, D.C. Jail

☐  Superintendent, St. Elizabeths Hospital

☐  Other _____

Disposition having been entered this _____ **17th** _____ day of

**November** _____, 19 **2000** in the above-entitled case, it is HEREBY

ORDERED that the defendant be

☐  Transferred to _____

_____

☒  Released from custody. **In this case only.**

☐  Released into the custody of _____

_____

_____
DEPUTY CLERK

_____
JUDGE/COMMISSIONER

Date **11/17/00**

Form CD-1063/Nov. 63              COURT COPY              84—0P877 wd72

**Exhibit _____**

**EXHIBIT O**

# FYI        FYI        FYI

November 27, 2001

TO:        U.S. PAROLE COMMISSION
           CHEVY CHASE, MD 20815

FM:        U.S. MARSHALS SERVICE
           WASHINGTON, D.C.  20001

REF:       RELEASED TO DETAINER

SUBJ:      WATSON, MERLE V
           REG#:    03714-000
           DCDC:    176159
           PDID:    266643

THE ABOVE SUBJECT WAS RELEASED TO A U.S. MARSHALS
SERVICE DETAINER ON 11-28-01 AND IS CURRENTLY AT D.C.
JAIL PENDING YOUR DISPOSITION.

**Exhibit** _____

**EXHIBIT P**

## .C. PROBABLE CAUSE HEARING

Name...........................: **WATSON, Merle**

Reg. No. .......................: **03814-00** (dcdc no. **176-159**)

Type of Release ............: **Parole**

Date Warrant Executed.: **November 28, 2001**

Attorney Name, Address, Phone No:_____ *Guffey  PDS* _____

Hearing Date ................ **November 30, 2001**

Examiner.............: *Robertson*

CSO.....................: **Rodney Bright**

Attorney     : __PDS __Other __None

---

**I.** ✓ **Items Advised:**

_____ ✓ Parolee advised of right to a probable cause hearing and given a copy of Form H-20 *(Warrant Application)* and supporting documentation.

_____ ✓ Parolee advised of right to attorney and completed Form CJA-22 *(Application for Attorney Representation)*

**II.** **Reason For Not Conducting Probable Cause Hearing:**

_____ Postpone probable cause hearing to next docket _____.

*(If so, do not complete the rest of this Form)*

Reason for Postponement:_____

_____

_____ Schedule combined probable cause/revocation hearing within 65 days of the warrant execution date. *(If so, skip to VI. Revocation Hearing.)*

**III.** **Review of Charges**

**Charge No. 1 through 4.** (Subject possessed drugs/paraphernalia, sold drugs/visited a place where drugs were sold). **See Charge 5.**

Parolee ADMITS [ ✗ ] or DENIES [ ✗ ] this charge.

Additional response of parolee (if any):_____

_____ *atty contends evidence Not sufficient*
_____ *to support PC*

**Merle WATSON**                    **Reg. No. 03814-00** 0              **Page 1 of 7**

**Exhibit _____**

Finding: [X] Probable Cause.  After considering the:

    [ ✓ ] Warrant Application dated _____

    [ ✓ ] Report of Alleged Violation dated _____

    [ ✓ ] Violation Report dated _____ with accompanying documents,

and the parolee's response to the charge at this hearing, I find that the evidence supporting the charge is sufficiently specific and credible that probable cause exists for Charge No. 1-4.  [Additional reasons for probable cause finding (if needed)]:_____

_____

_____

Finding: [ ] No Probable Cause

**Charge No. 5 - Law Violation – a) Possession with intent to Distribute Marijuana, b). Possession of Drug Paraphernalia**

Parolee ADMITS [ ] or DENIES [X] this charge.

Additional response of parolee (if any):_____ *atty contends evidence*

_____ *Not sufficient*

_____

Finding: [ ✓ ] Probable Cause.  After considering the:

    [ ✓ ] Warrant Application dated _____

    [ ✓ ] Report of Alleged Violation dated _____

    [ ✓ ] Violation Report dated _____ with accompanying documents,

and the parolee's response to the charge at this hearing, I find that the evidence supporting the charge is sufficiently specific and credible that probable cause exists for Charge No. 5.  [Additional reasons for probable cause finding (if needed)]:_____

_____

_____

Finding: [ ] No Probable Cause

**Merle WATSON**      **Reg. No. 03814-00Ø**   **Page 2 of 7**

**Charge No. 6 - Law Violation ● Possession of a Deadly Weapon.** ●

Parolee ADMITS [   ] or DENIES [ X ] this charge.

Additional response of parolee (if any): *Atty contends evidence*

*Not sufficient*

_____

Finding: [ ✓ ] Probable Cause. After considering the:

[ ✓ ] Warrant Application dated _____

[ ✓ ] Report of Alleged Violation dated _____

[ ✓ ] Violation Report dated _____ with accompanying documents,

and the parolee's response to the charge at this hearing, I find that the evidence supporting the charge is sufficiently specific and credible that probable cause exists for Charge No. 7. [Additional reasons for probable cause finding (if needed)]:_____

_____

_____

Finding: [   ] No Probable Cause

**Charge No. 7 - Law Violation - Escape.**

Parolee ADMITS [   ] or DENIES [ X ] this charge.

Additional response of parolee (if any):_____

*Atty contends evidence not sufficient*

_____

Finding: [ ✓ ] Probable Cause. After considering the:

[ ✓ ] Warrant Application dated _____

[ ✓ ] Report of Alleged Violation dated _____

[ ✓ ] Violation Report dated _____ with accompanying documents,

and the parolee's response to the charge at this hearing, I find that the evidence supporting the charge is sufficiently specific and credible that probable cause exists for Charge No. 6. [Additional reasons for probable cause finding (if needed)]:_____

_____

_____

Finding: [   ] No Probable Cause

**Merle WATSON**                    **Reg. No. 03814-000**        **Page 3 of 7**

Any Additional Charges:     ___✓___ No          _____Yes *(if so, describe below)*

**IV.**     **Outcome of Probable Cause Hearing:**

___✓___ Probable cause found on one or more charges and hold in custody pending revocation hearing.

_____ No probable cause found for any charge.  Discharge from custody immediately

and  _____ Reinstate to Supervision  or  _____ Close Case *(if expiration date has passed)*

_____ Probable cause found on one or more charges and recommend reinstate to supervision

and  ___ with summons to revocation hearing or  ___ termination of revocation proceedings.

V.    **Witnesses:**   ⬤                    ⬤

**Adverse Witnesses Identified by the Commission:**

Name: Rodney Bright, CSO
Status:      √ Approved          _____Not Approved          _____Pending    **Further**
Review

Name: Officer Mande Rodriguez, Badge No. 3762 [charge 5]
Status:      √ Approved          _____Not Approved          _____Pending    **Further**
Review

Name: Officer David Bailey, Badge No. 218 [charge 6]
Status:      √ Approved          _____Not Approved          _____Pending    **Further**
Review

**Additional Adverse Witnesses Requested by Parolee:**

Name:____Hiram Rogerio____4124_____BWITD MS

Address:____MPD_____

Phone No._____

Status: ____Denied at PC Hearing    ____Approved at PC Hearing    ____Pending Further Review

Reason for Denial:____deny    duplicate  witness____SR


Name:____DL Malloy_____PWITD

Address:____MPD_____

Phone No._____

Status: ____Denied at PC Hearing    ____Approved at PC Hearing    ⬭Pending Further Review

Reason for Denial:_____
_____deny  duplicate  witnes SR


Name:____Cpl Paige_____escape

Address:____DOC_____

Phone No._____

Status: ____Denied at PC Hearing    ____Approved at PC Hearing    ⬭Pending Further Review

_____deny    not necessary____SR


**Merle WATSON**                    Reg. No. 03814-000        Page 5 of 7

Reason
Denial: _all officers involved in arrest_ for

_____ for deadly weapon _____

defer decision

approve only

Bright CSO

Rodriguez MPD

Bailey MPD

---

**Merle WATSON**                    **Reg. No. 03814-000**          **Page 6 of 7**

**VI.    Revocation Hearing:** ●                    ●

X   Local Revocation or _____ Combined Probable Cause/Local Revocation on:

_____ ~~Afternoon of January 24, 2002 at CTF~~  12/19/01    A M

_____ Other *(indicate address below)*

Address: _____ D C    Jail _____

_____

\* *unilateral decision by Commission.*

_____ Recommend scheduling for institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail.**
**E-Mail Address: continue.hearing@usdoj.gov**

*Additional Text: Atty objects to PC hearing based on prisoners incarceration in DOC for over a year prior to hearing. Atty contends Commission read some communication from inmate regarding his incarceration and should have acted to ensure inmates status was clarified. Inasmuch as Commission did not act prisoner should be released from custody forthwith*

_____
Examiner                                          Date

*based on violation of procedural due process. Denied by*

**Disclosure Documents:** Pre-Sentence Report, Warrant dated 8-1-00, Parole Certificate dated 1-31-00, Statement of Alleged Violations dated 7-17-00, with enclosures, Supplemental Warrant dated 11-28-01, Faxes dated 11-28-01 from AUSA (2)

*Examiner. PC hearing will proceed.*

**I acknowledge having received the above disclosure documents and a copy of this document.**

*Merle Watson*                                          11-30-01
_____
Attorney/Parolee                                          Date

**Merle WATSON**                    Reg. No. 03814-00❷                    Page 7 of 7

**EXHIBIT Q**

< SUMCODE-MEMO_SUM >

# MEMORANDUM

| | | | |
|---|---|---|---|
| **To:** | File | **Examiner:** | Stephen J. Husk |
| **Name:** | WATSON, Merle | **Hearing Date:** | 12/31/2001 |
| **Reg. No:** | 03714-000 | **Institution:** | D.C.-Correctional Treatment |
| **DCDC No:** | 176-159 | | Facility |

The subject appeared before this examiner for a purpose of a local revocation hearing on today's date. It is noted that Administrator Sam Robertson was also present at this proceeding. In addition, Community Supervision Officer Carolyn Brown was present on behalf of Supervision Officer Rodney Bright. There were no other witnesses present at today's proceeding. Furthermore, subject's appointed attorney Ms. Lisa Guffey was not present at today's proceeding.

When he entered the room for today's hearing, subject expressed a desire to continue his hearing in order for his attorney, Ms. Lisa Guffey to be present to represent him. The examiner notes that this hearing was scheduled for 9:00 a.m. on today's date of 12/31/01. The examiner did not call the subject into the hearing room until approximately 11:45 a.m. on this date. Although Ms. Guffey had not appeared at the Correctional Treatment Facility, the subject stated on the record that he did have a conversation with her regarding today's proceeding. The subject stated that Ms. Guffey advised him that she had appeared for today's hearing at the Central Detention Facility for the District of Columbia (D.C. Jail) this morning. She also advised her client that a subpoenaed police officer was present. He states that Ms. Guffey advised him that she was told that there were no hearings scheduled for D.C. Jail and did leave the facility with the subpoenaed police officer.

The examiner confirmed with the subject that he had advised Ms. Guffey that he had been moved over to the Correctional Treatment Facility on the morning of 12/31/01 and had advised Ms. Guffey that there was an examiner present to conduct the revocation hearing. Ms. Guffey had left a message for one of the examiners to give her a call at her direct line at the D.C. Public Defender Service. Mr. Sam Robertson did make the call to Ms. Guffey advising her that examiners were present at the Correctional Treatment Facility for revocation hearing on this date and that she should get in touch with him. By 11:45 a.m. she had not responded to this message.

It is noted that a supervision officer was present with the supervision file at today's hearing. The examiner notes that there were subpoenas issued for Officer D. Bailey as well as Officer M. Rodriguez. Neither of these officers appeared at the Correctional Treatment Facility for today's revocation hearing. The examiner notes that copies of the subpoenas for these officers were included with the examiner packet and noted that they were subpoenaed to appear at the Correctional Treatment Facility and not the D.C. Jail. The examiner cannot confirm any

WATSON.176

**Exhibit** _____

information that these officers appeared at the D.C. Jail as the subject indicated at today's proceeding.  Never the less, the examiner was prepared to proceed with a revocation hearing.  However, because the subject requested a continuance for the presence of his attorney and the his attorney failed to appear for this hearing.  The examiner granted the subject a continuance to a docket to be scheduled as soon as possible.

WATSON.176

**EXHIBIT R**

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: WATSON, Merle

Register Number: 03814-000
DCDC Number: 176-159

Institution:  D.C.-Correctional Treatment Facility

In the case of the above-named, the following parole action was ordered:

Release forthwith from the custody of the warrant dated 8/1/00, terminate the revocation proceedings, and reinstate to supervision.

THE ABOVE DECISION IS NOT APPEALABLE

cc:     Sharon Barnes-Durbin
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Room 2010
        Washington, D.C. 20001

        U.S. Marshal
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 7337
        Washington, D.C. 20001
        Attn: Warrant Squad

Exhibit _____

Date: January 2, 2002

Clerk: dej

WATSON.381

**EXHIBIT S**

  

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name .............................. **Watson, Merle**

Reg. No .................... **03814-000**
DCDC No...................... **176-159**
FBI No........................... **518 668 W10**
Birth Date....................
Race............................... **Black**

[If Conviction Offense Before April 11, 1987 And Offender Is On Mandatory Release, Termination Date Is 180 Days Prior To Full Term]
Violation Date ......................... **8-30-2003**
Released ................................ **January 31, 2000**
**Time spent in custody of previous parole violator warrant from 11-28-2001 until 1-3-2002, to be credited toward the service of the maximum term.**

Date ......................................... **October 23, 2003**
Termination of Supervision..... **5-12-2014**
Sentence Length............**27 years (Aggregate Original); 5,586 days (Parole Violator Term)**
Original Offense ............ **Carrying a Pistol Without a License; Manslaughter; Bail Reform Act**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Law Violations – a) Carrying a Pistol Without a License, b) Receiving Stolen Property (Gun), c) Unregistered Firearm, d) Unregistered Ammunition, e) Felon in Possession of a Firearm.** On 8-30-2003, police attempted to stop and interview the subject regarding recent thefts in the area, at which time the subject fled on foot. During foot chase, police observed the subject throw an object, which was later discovered to be a 380 caliber automatic handgun with 4 rounds in the magazine and one round in the chamber. It was later discovered that the firearm was reported stolen out of Prince George's County on 3-6-2001. The subject was arrested by Metropolitan Police for 1a through 1d above on

Watson, Merle
Reg. No. 03814-000    DCDC No. 176-159

**Exhibit** _____

** TOTAL PAGE.11 **



the same date. This information is contained in the police report dated 8-30-2003. This charge is based on the information contained in the violation report dated 9-2-2003 from Community Supervision Officer Donald Carey. Status of Custody/Criminal Proceedings: The subject is in custody with further court proceedings pending.

1a I ADMIT [   ] or DENY [   ] this charge.
1b I ADMIT [   ] or DENY [   ] this charge.
1c I ADMIT [   ] or DENY [   ] this charge.
1d I ADMIT [   ] or DENY [   ] this charge.
1e I ADMIT [   ] or DENY [   ] this charge.

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................... October 23, 2003

Scott Kubic, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **General Supervision Unit VIII, 1418 Good Hope Road**

---

**Watson, Merle**
Reg. No. 03814-000    DCDC No. 176-159

**EXHIBIT T**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Watson, Merle, Reg. No. 03814-000, DCDC No. 176-159, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 27 years (Aggregate Original); 5,586 days (Parole Violator Term) for the crime of Carrying a Pistol Without a License; Manslaughter; Bail Reform Act and was on January 31, 2000 released on parole from D.C. Dept. of Corrections with 5,215 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on October 23, 2003

U.S. Parole Commissioner

**Watson, Merle**   **Exhibit _____**
Reg. No. 03814-000   DCDC No. 176-159

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  **Watson, Merle**
Reg. No. 03814-000

Institution:  D.C. Dept. of Corrections
DCDC No.  **176-159**

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _Columbia_ ss:

Received this writ the _28_ day of _Oct_, 20_03_, and executed same by arresting the within-named _Merle Watson_ this _17_ day of _May_, 20_04_, at _12:30pm_ and committing him to _DC Jail_

_George Walsh_
_U.S. Marshal_

_Shane Clark_
_Deputy Marshal_

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
_U.S. Marshal_

_____
_Deputy Marshal_

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _October 23, 2003_

_Merle Watson_
_Prisoner's Signature_

_May 17, 2004_
_Date_

*(If prisoner refuses to sign, Marshal should so indicate.)*

**Watson, Merle**
 . No. 03814-000    DCDC No. 176-159

**EXHIBIT U**

05/21/04  10:34 FAX 202 208 751       Federal Public Defender                    ⧉002/002

AO 245A (Rev. - DC 04/00) Judgment of Acquittal

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

V.

Merle V. Watson

## JUDGMENT OF ACQUITTAL

CASE NUMBER:     CR 03-420

**FILED**

MAY 1 2 2004

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendant was found not guilty. IT IS ORDERED that the Defendant is acquitted, discharged, and any bond exonerated.

_Ellen S Huvelle_
Signature of Judicial Officer

Ellen Segal Huvelle, United States District Court Judge
Name and Title of Judicial Officer

5/12/04
Date

Exhibit _____

**EXHIBIT V**

MAY 18, 2004

FYI        FYI        FYI        FYI        FYI

**TO**:    UNITED STATES PAROLE COMMISSION
           Chevy Chase, Maryland 20815

**FM**:    UNITED STATES MARSHALS SERVICE
           Washington, D.C.  20001

**RE**:    Warrant Executed

Subject: MERLE WATSON
Registration NO: 03814-000
DCDC: 176-159
PDID: 266-643

The above reference subject was processed on May 17, 2004 by the
USMS District of COLUMBIA as a Parole Violator. He was committed
to the D.C. Department of Corrections and is awaiting further action by the
United States Parole Commission.

**Exhibit** _____

**EXHIBIT W**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Watson, Merle**          Date Warrant Executed.: 5-17-04

Reg. No. ........................: **03814-000**              Hearing Date ........: 5-21-04

Type of Release.............:**Parole**                    Examiner..............: 5·21·67

Full Term Date When Warrant Issued..: **5-12-2014**    Supervision Officer: **Donald Carey**

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS       [ ] Other       [ ] None

Name _Moyd_____

Address _____

_____

Phone _____

## Attorney Representing Subject at Revocation Hearing:

[ ] PDS       [ ] Other       [ ] Unknown

Name _Moyd._____

Address _____

_____

Phone _____

## I. Items Advised *(Check that the subject has been advised of the following two rights)*:

[ ✓ ] Advised of Right to a Probable Cause Hearing    [ ✓ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*(If Probable Cause Hearing not conducted, indicate the reason)*:

[ ] Postponed to Next Docket *(If so, provide reason for postponement and omit rest of form.)*

   [ ] At Request of Attorney/Prisoner       [ ] Prisoner Unavailable

   [ ] Other Reason: _____

[ ] Combined Probable Cause/Revocation Scheduled *(If so, skip to VI, Revocation Hearing.)*

---

**Watson, Merle**
**Reg. No. 03814-000    DCDC No. 176-159**    Exhibit _____



## III. Review of Charges:

**Charge No. 1 - Law Violations – a) Carrying a Pistol Without a License, b) Receiving Stolen Property (Gun), c) Unregistered Firearm, d) Unregistered Ammunition, e) Felon in Possession of a Firearm.**

[  ] ADMITS          [✓] DENIES

The Subject's Response:

Was a completly upform Surfect was found not guilty in U.S District Court 5-12-04-

[   ] **Probable Cause Found.** After considering the violation report dated 9-2-2003, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ✓ ] No Probable Cause Found

## IV. Additional Charges:

## V. Outcome of Probable Cause Hearing:

[   ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

**Watson, Merle**
**Reg. No. 03814-000    DCDC No. 176-159**

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

[ ] **Reinstate** to Supervision  or  [ ] **Close Case** *(If expiration date has passed)*

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

[ ] **Summon** to revocation hearing or [ ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI.  Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer Donald Carey

Name:  Officer Brian Devine
Badge No. 496
MPD
Status:_____Approved          _____Not Approved          _____Pending Further Review

## VII.  Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

## VIII.  Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**IX.    Revocation Hearing:**

[  ] Local Revocation **or**        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [  ] CTF   [  ] DC Jail   **Date:**_____   **Time:** [  ] am   [  ] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [  ] No    [  ] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.        [  ] No    [  ] Yes

_____        _____
            *Attorney/Prisoner*                                    *Date*

*Additional Text:*

Sbret was exounated, not guilty
of all Charges by Judge Hursh.
On 5-12-01

_____        _____
            *Examiner*                      5-21-01
                                            *Date*

**Disclosure Documents:**  Warrant dated 10-23-2003, Warrant Application dated 10-23-2003, Violation Report dated 9-2-2003 with attachments, Parole Certificate dated 1-31-2000, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____        _____
            *Attorney/Prisoner*                 5/21/04
                                                *Date*

_____

**Watson,  Merle**
**Reg. No. 03814-000     DCDC No. 176-159**

**EXHIBIT X**

U.S. Department of Justice                    Notice action
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  Watson, Merle                          Institution:  D.C Jail
Register Number:  03814-000
DCDC No:  176-159                             Date:       May 21, 2004

---

In the case of the above-named, the following parole action was ordered:

No Probable Cause Found on any charges. Release forthwith from custody of warrant dated October 23, 2003 and Reinstate to Supervision and Terminate Revocation process.  You shall report to your Community Supervision officer immediately upon your release.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 1400
        Washington, D.C.  20001
        Attn:  Karen Brown

        Sharon Barnes-Durbin
        CSOSA
        300 Indiana Ave, N.W.
        Room 2010
        Washington, D.C. 20001

        Special Litigation Division
        Public Defender Service of the District of Columbia
        633 Indiana Ave, N.W.
        Washington, D.C. 20004

Exhibit _____

---

**EXHIBIT Y**



U.S. DEPARTMENT OF ~ S~CE                                    ~ANT APPLICATION
UNITED STATES PAROLE COMMISSION                             D.C. Code Offender

Name .............................Watson, Merle

Reg. No...........................03814-000                 Offender Is On Mandatory Release, Termination
DCDC No......................176-159                        Date Is 180 Days Prior To Full Term]
FBI No............................518 668 W10               Violation Date.........................7-15-2000
Birth Date.........................                         Released.................................January 31, 2000
Race................................Black                   **Time spent in custody of the previous**
                                                           **warrants from 11-28-2001 through 1-3-2002**
                                                           **and from 5-17-2004 through 5-21-2004 to be**
Date .........................................June 6, 2005     **credited toward the service of the maximum**
Termination of Supervision......5-12-2014                  **term**
[If Conviction Offense Before April 11, 1987 And
Sentence Length ........... 27 years (Aggregate Original); 5,586 days (Parole Violator Term)
Original Offense.............Carrying a Pistol Without a License; Manslaughter; Bail Reform Act

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** Between 7-15-2000 and 3-29-2005, the releasee failed to submit urine specimens on 38 occasions. This charge is based on the information contained in the violation report dated 5-13-2005 from supervising officer Donald Carey.
**I ADMIT [ ] or DENY [ ] this charge.**

**Watson, Merle**
**Reg. No. 03814-000    DCDC No. 176-159**
Exhibit _____

OCT 07 2005 10:39 FR US MARSHALL        202 273 0943 TO 930149256520        P.14/22

 

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Opiates – 7-2-2004, 10-21-2004, 11-8-2004, and 12-16-2004; and
Cocaine – 1-31-2005.
This charge is based on the information contained in the violation report dated 5-13-2005 from supervising officer Donald Carey and corresponding laboratory report dated 5-13-2005.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 1-5-2005, 2-10-2005, and 3-23-2005 as directed. This charge is based on the information contained in the violation report dated 5-13-2005 from supervising officer Donald Carey.
**I ADMIT [ ] or DENY [ ] this charge.**

**Probable Cause Hearing Is Required**                    **Warrant Recommended By:**

Warrant Issued.................. **June 6, 2005**          **Scott Kubic, Case Analyst**
                                                          **U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit IX-Team 14, 1418 Good Hope Road**

---

**Watson, Merle**
**Reg. No. 03814-000    DCDC No. 176-159**

**EXHIBIT Z**

 

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Watson, Merle, Reg. No. 03814-000, DCDC No. 176-159, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 27 years (Aggregate Original); 5,586 days (Parole Violator Term) for the crime of Carrying a Pistol Without a License; Manslaughter; Bail Reform Act and was on January 31, 2000 released on parole from D.C. Dept. of Corrections with 5,215 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on June 6, 2005

_____
U.S. Parole Commissioner

**Watson, Merle**
**Reg. No. 03814-000　　DCDC No. 176-159** Exhibit _____

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  Watson, Merle                    Institution:  D.C. Dept. of Corrections
Reg. No. 03814-000                       DCDC No.  176-159

---

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of ____ _CCL_____ ss:

Received this writ the __8__ day of __JUN__ 20_05_, and executed same by arresting the within-named _____ _Merle Watson_____

this _____ _6__ day of ____ _OCT_____ _____ _DC JAIL_____, 20_05_

at __5 PM__ and committing him to _____ _DC JAIL_____

_George Clark_

_U.S. Marshal_

_B.H. Stevenson_

_Deputy Marshal_

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____

_U.S. Marshal_

_____

_Deputy Marshal_

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____ _June 6, 2005_____

_X + Merle V. Watson_        _C 6/2005_
_Prisoner's Signature_                          _Date_

_(If prisoner refuses to sign, Marshal should so indicate.)_

---

Watson, Merle
Reg. No. 03814-000    DCDC No. 176-159

**EXHIBIT AA**

**Date:**     October 7, **2005**

# FYI     FYI     FYI     FYI     FYI

**TO:**     UNITED STATES PAROLE COMMISSION
Chevy Chase, Maryland 20815

**FROM:**     UNITED STATES MARSHALS SERVICE
Washington, D.C.  20001

**RE:**     **Warrant Executed**

**Subject:  MERLE WATSON**
**Registration NO:** 03814-000
**DCDC:** 176-159
**PDID:** 266-643

The above reference subject was processed on OCTOBER 6, 2005, by the
USMS District of COLUMBIA, as a Parole Violator. He was committed to the
D.C. Department of Corrections and is in D.C. Jail awaiting further action by the
United States Parole Commission.

**RB**

Exhibit _____

**EXHIBIT BB**

# D.C. PROBABLE CAUSE HEARING DIGEST

Name..............................: **Watson, Merle**          Date Warrant Executed.: *10/6/05*

Reg. No. ........................: **03814-000**              Hearing Date ........: *10/11/05*

Type of Release.............:**Parole**                      Examiner................: _____

Full Term Date When Warrant Issued..: **5-12-2014**          Supervision Officer: **Donald Carey**

---

## Attorney at Probable Cause Hearing:

[X] PDS       [  ] Other       [  ] None

Name_____*ANNA RODRIQUEZ*_____

Address_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[X] PDS       [  ] Other       [  ] Unknown

Name_____*SAME*_____

Address_____

_____

Phone_____

---

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[X] Advised of Right to a Probable Cause Hearing   [X] Advised of Right to Attorney

---

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [  ] At Request of Attorney/Prisoner          [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[  ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

**Watson, Merle**

**Reg. No. 03814-000    DCDC No. 176-159** Exhibit _____

## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_Subject indicates he has paperwork indicating he was hospitalized on some of the dates and was on Rx medication._

[X] **Probable Cause Found.** After considering the violation report dated 5-13-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

[ ] **No Probable Cause Found**

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS        [X] DENIES

The Subject's Response:

_Same as #1_

[X] **Probable Cause Found.** After considering the violation report dated 5-13-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

**Watson, Merle**
**Reg. No. 03814-000    DCDC No. 176-159**

[  ] **No Probable Cause Found**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed**

[  ] **ADMITS**        [X] **DENIES**

The Subject's Response:

[X] **Probable Cause Found**.  After considering the violation report dated 5-13-2005, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

Same as #1

[  ] **No Probable Cause Found**

**IV.  Additional Charges:**

Watson,  Merle
Reg. No. 03814-000    DCDC No. 176-159

## V. Outcome of Probable Cause Hearing:

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

     [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *[If expiration date has passed]*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

     [  ] **Summon** to revocation hearing or  [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer Donald Carey

*APPROVED*

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**IX.    Revocation Hearing:**

[✗] Local Revocation or        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [  ] CTF  [  ] DC Jail  **Date:** _12/8/05_    **Time:** [  ] am  [✗] pm

[  ] Other at _____

_____

[  ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [  ] No   [✗] Yes   (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.        [  ] No   [✗] Yes

_____        _10/11/05_
          *Attorney/Prisoner*                                  *Date*

_____

Additional Text:

① Elected to Advanced Consent to Expedited.

② Subject indicated he surrendered to the P.U. warrant w/ Lisa Guffey-PDS Atty.

_____        _10/11/05_
          *Examiner*                                          */Date*

**Disclosure Documents:**  Warrant dated 6-6-2005, Warrant Application dated 6-6-2005, Violation Report dated 5-13-2005 with attachments, Parole Certificate dated 1-31-2000, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____        _10/11/05_
          *Attorney/Prisoner*                                  *Date*

_____

**Watson,  Merle**
**Reg. No. 03814-000    DCDC No. 176-159**

**EXHIBIT CC**

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

**Form 1: Cases where the alleged violator consents to a new parole date or, in the case of a supervised release violator, a new term of imprisonment which is less than the maximum term of imprisonment.**

### Option 1:  Immediate Consent to Expedited Decision

I, ____Merle Watson____, Register No. _03814 -000_____,
agree to an **EXPEDITED REVOCATION DECISION** as provided below.  I understand that the Commission is not obligated to render an Expedited Decision in my case.  I also understand that my consent will not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation.  By executing this form, I am advising the Commission in advance of any possible offer that I will accept the decision described below.  If the Commission does not approve this expedited decision, I will proceed with my revocation hearing.  I understand that, by consenting to the Expedited Decision, I have not waived my right to a local revocation hearing if I qualify for such a hearing under Commission Rules and Procedures.

I understand that any Notice of Action issued as a result of my consent cannot be appealed. However, if I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) credit toward the guideline range that applies to my case or (3) aftercare conditions which may be added after signing this expedited decision, I may request that the Commission amend its decision.

My Revocation Offense Severity has been tentatively identified as a Category One or Two per the signature of the Commission Examiner below.

I understand that it is not possible, at the Probable Cause Hearing, to compute a Salient Factor Score with certainty.  As a result, there may be a variance in the final guidelines of my case.

Notwithstanding a possible variance in the guidelines, I agree to a decision to revoke my parole/mandatory release/supervised release and forfeit the time spent on release (parole and mandatory release cases only).  I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of the guideline range.  If the bottom of the guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months toward my guideline range.

I also agree to accept the following special conditions: ___drug  AFterrare___

_____
*(To be filled in by a Commission Examiner)*

*Advanced Notice of Consent to Expedited Revocation Proposal (Form 1)*                    *Page 1*

Exhibit _____

Alleged Violator: _____Merle V. Watson_____  ___10/11/05___
                              *Signature*                      *Date*

Attorney: _____Anna Rodriguez_____  ___10/11/05___
                        *Signature*                      *Date*

USPC Examiner: _____Michael Gillen_____  ___10/11/05___
                              *Signature*                      *Date*

**EXHIBIT DD**

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name:  Watson, Merle                    Institution:  D.C. Correctional Treatment Facility
Register Number: 03814-000
DCDC No:  176-159                       Date:   October 24, 2005

---

### ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on October 11, 2005:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole on October 5, 2006 after service of 12 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Failure to Report for Supervision

Basis for above-stated finding(s):  Your admission via the Advanced Consent to Expedited Revocation.

### REASONS:

Your parole violation behavior has been rated as administrative violation(s) of Category One severity. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of November 5, 2005, you have been in confinement as a result of your violation behavior for a total of 1 month. Guidelines established by the Commission indicate a customary range of 12-16 months to be

---

Exhibit _____



served before release.   After review of all relevant factors and information, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALBLE

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        Donald Carey, CSO
        General Supervision Unit IX-Team 14
        D.C. Court Services & Offender Supervision Agency
        1418 Good Hope Road, S.E.
        Washington, D.C. 20020

        Anna Rodriguez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004



### SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

Points For SFS Item C

| Age | Prior Commitments | | |
|---|---|---|---|
| | 0-2 | 3-4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT EE**



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: WATSON, Merle                          Institution: D.C. Correctional Treatment Facility
Register Number: 03814-000
DCDC No: 176-159                             Date:      November 1, 2005

---

In the case of the above-named, the following action was ordered:

Time spent in confinement from November 17, 2000 through January 3, 2002 and from May 17, 2004 through May 21, 2004 is to be credited toward service of the maximum sentence.

THE ABOVE DECISION IS NOT APPEALBLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes Durbin, SGSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        General Supervision Unit IX-Team 14
        CSOSA
        1418 Good Hope Road, S.E.
        Washington, D.C. 20020

        Anna Rodriquez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod              **Exhibit** _____

---

Watson 03814-000                           -1-                        Clerk:   ADC
Queued: 11-01-2005 14:16:14 BOP-D.C. Correctional Treatment Facility | USPO-General Supervision Unit IX-Team 14,
1418 Good Hope Road | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District
of Columbia - DC |

**EXHIBIT FF**

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Watson, Merle, Register No. 03814-000, (DCDC No. 176-159) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on October 5, 2006 and remain under parole supervision through November 9, 2019. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on October 5, 2006.

UNITED STATES PAROLE COMMISSION

By: Dawn M. Hooze-Hill, Case Services Technician

Docket/Case Number: T2589-84B
Initial Risk Category: SFS=2

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____
                Name                                      DCDC No.

Witnessed: _____
              Name and Title                              Date

The above-named inmate was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____
              Official Certifying Release

Queued: 10-05-2006 16:49:25 BOP-Rivers CI | USPO-District of Maryland, Greenbelt |

Exhibit _____

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to the District of Maryland and appear in person at the United States Probation Office designated to supervise you. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2. You must not leave the District of Maryland without the written permission of the officer supervising you. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession including in your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and must not associate with someone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into any agreement to act as an informant or undercover agent for a law enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

## SPECIAL CONDITIONS

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you

Queued: 10-05-2006 16:49:25 BOP-Rivers CI | USPO-District of Maryland, Greenbelt |

participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



**EXHIBIT GG**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name............................. **Watson, Merle**

Reg. No .......................... **03814-000**
DCDC No. ...................... **176-159**
FBI No ........................... **515-177 K5**
Birth Date ......................
Race .............................. **Black**

Date........................................... **May 1, 2007**
Termination of Supervision ..... **11-9-2019**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date ......................... **10-16-2006**
Released ................................. **10-6-2006**

Sentence Length............ **27-year ( original sentence), 4,782 ( days remaining parole violator term)**
Original Offense ........... **Carrying a Pistol Without a License, Manslaughter, and Bail Reform Act**

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Violation of Special Condition (Drug Aftercare).** The releasee failed to enroll in the drug aftercare program on 10-16-2006, as directed by his supervising officer. This charge is based on the information contained in the violation report dated 3-19-2007, from supervising officer Sharnell Howell, and a report from the substance abuse program dated 11-17-2006.
**I ADMIT [   ] or DENY [   ] this charge.**
**Charge No. 2 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 11-3-2006, 11-27-2006, 12-18-2006, and 1-12-2007, as directed. The releasee has not reported to the supervising officer since 10-13-2006, and his whereabouts are unknown. This charge is based on the information contained in the violation report dated 3-19-2007, from supervising officer Sharnell Howell.
**I ADMIT [   ] or DENY [   ] this charge.**

Watson, Merle
Reg. No. 03814-000    DCDC No. 176-159         **Exhibit** _____

**Preliminary Interview Is Required**

**Warrant Recommended By:**

Warrant Issued.................. **May 1, 2007**

Joann L. Kelley, Case Analyst
**U.S. Parole Commission**

U.S. Probation Office Requesting Warrant:  **District of Maryland, Greenbelt**

**Watson, Merle**
**Reg. No. 03814-000     DCDC No. 176-159**

**EXHIBIT HH**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Watson, Merle, Reg. No. 03814-000, DCDC No. 176-159, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 27 years for the crimes of Carrying a Pistol Without a License, Manslaughter, and Bail Reform Act, and was on 10-6-2006, released on parole from Rivers Correctional Facility with 4,782 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on May 1, 2007.

U.S. Parole Commissioner

**Exhibit _____**

Watson, Merle
Reg. No. 03814-000    DCDC No. 176-159



DEC 27 2007 10:46 FR U S MARSHALS SERVICE 2023071936 TO USPC          P.06/15

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  Watson, Merle                    Institution:
Reg. No. 03814-000                       DCDC No.  176-159

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges,
unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

District of _Columbia_ ss:

Received this writ the _1_ day of _May_, 20_07_, and executed same by arresting the
within-named _Watson, Merle_
this _26_ day of _December_, 20_07_,
at _2 pm_ and committing him to _DC Jail_

_George Walsh_
*U.S. Marshal*

_Robert C. Byn_
*Deputy Marshal*

Further executed same by committing him to _____
at _____ on _____, 20_____, the institution
designated by the Attorney General, with the copy of the warrant and warrant application.

_____
*U.S. Marshal*

_____
*Deputy Marshal*

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard,
Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _1 May 2007_

_X Merle Watson_                       _12-26-2007_
*Prisoner's Signature*                  *Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

Watson, Merle
Reg. No. 03814-000   DCDC No. 176-159

# **EXHIBIT II**

**Case Inquiry Screen**
07/29/2008

DOCKET #: 2007CMD029329                    DCTN #: 050704843

SSN: ▮▮▮▮▮▮▮▮                    ARR#: 05-07-04843
Defendant: WATSON,MERLE V                                                DOB: ▮▮▮▮▮▮▮
     aka: WATSON, MERLE VERNON              B  M  6''0"   158 lbs                        PDID: 266-643
    AUSA: JBROUSSA                          Intake: MIS-PPWB KNIFE-PSA 501               FBI: 515177K5
 Offense: on 12/20/2007 15:15         at 711 EDGEWOOD ST NE                               CCN: 07-174-125
  Arrest: on 12/20/2007 16:00         at 711 EDGEWOOD ST NE                              Bond:
 by Ofc.: D GILLESPIE B-2054                            RIP Ofc.:
   Judge: CHRISTIAN,KAYE K                         Defense: LEWIS,JEFFREY
-------------------------------------------------------------------------------------------------

### CASE SUMMARY

| EVENTS | Event | Date | Result |
|---|---|---|---|
| Last: | Status Hearing | 07/24/2008 | Held |
| Future: | Non-Jury Trial | 08/18/2008 | |

RELEASE CONDITIONS/BOND
SC Bond:                          Release Status: Held Othr PR This Case
Condition:                              Comments:
Case Disp:                               Disp Dt:                    Case File Dt: 12/21/2007

### CASE COUNTS

COUNT: 1 - POSS PROHIBITED WEAPON -BLACKJACK - 22DC4514A                    Judge:

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | 22DC1803 | Knife |
| | 22DC1803 | |

     File date: 12/20/2007      Indictment Date:          Trial Type:              Phase: PROS
      Disposition:                              Disposition Date:

CONFINEMENT  Type:                    Min:                      Max:
      Sentenced:                                  Suspended:

SUPERVISED RELEASE:                    Suspended? No

COMMUNITY SERVICES/FINES              Svc Hrs:        Restitution Amt:        Fine Amt:

PROBATION    Type:                              Reinstmnt Dt:          Revoctn Dt:
      Cond. of Prob:

Case Inquiry Screen
07/29/2008

**DOCKET #:** 2007CMD029329          **DCTN #:** 050704843

**Defendant:** WATSON,MERLE V                                              **SSN:** ▓▓▓▓▓          **ARR#:** 05-07-04843
   **aka:** WATSON, MERLE VERNON          B  M  6''0"   158 lbs      **DOB:** ▓▓▓▓▓      **PDID:** 266-643
   **AUSA:** JBROUSSA                   **Intake:** MIS-PPWB KNIFE-PSA 501                 **FBI:** 515177K5
**Offense:** on 12/20/2007 15:15    **at** 711 EDGEWOOD ST NE                                     **CCN:** 07-174-125
 **Arrest:** on 12/20/2007 16:00    **at** 711 EDGEWOOD ST NE                                    **Bond:**
**by Ofc.:** D GILLESPIE B-2054              **RIP Ofc.:**
  **Judge:** CHRISTIAN, KAYE K          **Defense:** LEWIS,JEFFREY

-----------------------------------------------------------------------------

## CASE SUMMARY

| EVENTS  Event | Date | Result |
|---|---|---|
| Last:Status Hearing | 07/24/2008 | Held |
| Future:Non-Jury Trial | 08/18/2008 | |

**RELEASE CONDITIONS/BOND**
SC Bond:                          **Release Status:** Held Othr PR This Case
Condition:                        Comments:
Case Disp:                        Disp Dt:          **Case File Dt:** 12/21/2007

## CASE COUNTS

**COUNT: 2 - THREATS TO DO BODILY HARM -MISD - 22DC407**          **Judge:**

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | 22DC1803 | |

    **File date:** 12/20/2007          **Indictment Date:**          **Trial Type:**          **Phase:** PROS
    **Disposition:**                                    **Disposition Date:**

**CONFINEMENT  Type:**                         **Min:**              **Max:**
    **Sentenced:**                                            **Suspended:**

**SUPERVISED RELEASE:**              **Suspended?** No

**COMMUNITY SERVICES/FINES**          **Svc Hrs:**      **Restitution Amt:**          **Fine Amt:**

**PROBATION   Type:**                            **Reinstmnt Dt:**          **Revoctn Dt:**
   **Cond. of Prob:**

**EXHIBIT JJ**

## Response To Expedited Revocation Proposal

**Name:  WATSON, MERLE**          **Reg No: 03814-000**          **DCDC No: 176-159**

### PROPOSED DECISION

**Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 02/21/2009 after the service of 14 months.**

**In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.**

**In addition, you shall be subject to the Global Positioning Systems monitoring inclusive of a curfew and/or exclusion zones as determined by your Supervision Officer.**

**After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.**

I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

I wish to request a 14-day extension to consider this proposal.

_____          _____
Signature          Date

_____          _____
Witness          Date

**Exhibit _____**

Expedited Revocation Proposal WATSON MERLE 03814-000

**EXHIBIT KK**

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: Watson, Merle | Institution:    D.C.    Correctional    Treatment |
| Facility | |
| Register Number: 03814-000 | |
| DCDC No: 176-159 | Date:        April 16, 2008 |

## EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Expedited Revocation Proposal you signed on April 10, 2008:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive re-parole on February 21, 2009, after service of 14 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Global Positioning Systems monitoring inclusive of a curfew and/or exclusion zones as determined by your Supervision Officer.

## FINDINGS OF FACT:

The Commission has found that you violated the following conditions of release:

Charge No. 1 - Violation of Special Condition (Drug Aftercare)

Charge No. 2 - Failure to Report to Supervising Officer as Directed

Basis for above-stated findings: Your acceptance of responsibility for the violations and your agreement to accept revocation.

Queued: 04-16-2008 10:15:36 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-District of
Maryland, Greenbelt | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of
Columbia - DC |

Exhibit _____

**REASONS**:

Your parole violation behavior has been rated as administrative violation(s) of Category One severity. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of February 24, 2008, you have been in confinement as a result of your violation behavior for a total of 2 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALBLE

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W. Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        District of Maryland
        9200 Edmonston Road, Suite 200
        Greenbelt, MD 20770

        Olinda Moyd
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Karen Brown

Queued: 04-16-2008 10:15:36 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-District of Maryland, Greenbelt | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |



## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2-3 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 04-16-2008 10:15:36 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-District of Maryland, Greenbelt | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

**EXHIBIT LL**

```
  DSCAR  540*23 *            SENTENCE MONITORING           *    05-02-2008
PAGE 002 OF 002 *            COMPUTATION DATA              *    15:06:20
                              AS OF 05-02-2008

REGNO..: 03814-000 NAME: WATSON, MERLE V JR

-------------------------CURRENT COMPUTATION NO: 050 -------------------------

COMPUTATION 050 WAS LAST UPDATED ON 05-02-2008 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

DATE COMPUTATION BEGAN..........: 12-26-2007
TOTAL TERM IN EFFECT............:  4782 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    13 YEARS    1 MONTHS     2 DAYS
EARLIEST DATE OF OFFENSE........: 10-13-1981

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1570
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 10-10-2016
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 07-31-2020
EXPIRATION FULL TERM DATE.......: 01-27-2021

PRESUMPTIVE PAROLE DATE.........: 02-21-2009
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 02-21-2009
PROJECTED SATISFACTION METHOD...: PRESUM PAR



G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
     DSCAR   540*23 *              SENTENCE MONITORING           *      05-02-2008
     PAGE 001          *            COMPUTATION DATA             *      15:06:20
                                    AS OF 05-02-2008

     REGNO..: 03814-000 NAME: WATSON, MERLE V JR


     FBI NO..........: 518668W10            DATE OF BIRTH: ▓▓▓▓▓▓▓▓
     ARS1............: 9-L/A-ADMIT
     UNIT............:                      QUARTERS.....:
     DETAINERS.......: NO                   NOTIFICATIONS: NO

     PRE-RELEASE PREPARATION DATE: 01-11-2009

     THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
     THE INMATE IS PROJECTED FOR RELEASE:  02-21-2009 VIA PRESUM PAR

     --------------------CURRENT JUDGMENT/WARRANT NO: 070 -----------------------
     COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
     DOCKET NUMBER...................: F2589-81B
     JUDGE...........................: WAGNER
     DATE SENTENCED/PROBATION IMPOSED: 11-03-1981
     DATE WARRANT ISSUED.............: 05-01-2007
     DATE WARRANT EXECUTED...........: 12-26-2007
     HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
     PROBATION IMPOSED...............: NO
     SPECIAL PAROLE TERM.............:


     RESTITUTION...:  PROPERTY:  NO SERVICES:  NO          AMOUNT:  $00.00

     -----------------------CURRENT OBLIGATION NO: 010 --------------------------
     OFFENSE CODE....:  606
     OFF/CHG: CARRYING A PISTOL WITHOUT A LICENSE; MANSLAUGHTER; BAIL REFORM
              ACT.

      SENTENCE PROCEDURE.............: DC CODE ADULT
      SENTENCE IMPOSED/TIME TO SERVE.:   27 YEARS
      NEW SENTENCE IMPOSED...........:  4782 DAYS
      BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
      DATE OF OFFENSE................: 10-13-1981






     G0002      MORE PAGES TO FOLLOW . . .
```

```
   DSCAR  542*22 *          SENTENCE MONITORING          *     05-02-2008
PAGE 001 OF 001 *             GOOD TIME DATA            *     15:06:20
                           AS OF  05-02-2008

REGNO...: 03814-000    NAME: WATSON, MERLE V JR
ARS 1...: 9-L A-ADMIT
COMPUTATION NUMBER..: 050              FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 05-02-2008      FACL..: DSC    CALC: AUTOMATIC
UNIT................:                  QUARTERS............:
DATE COMP BEGINS....: 12-26-2007      COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 0               TOTAL INOP TIME.....: 0
STATUTORY REL DT....: 10-10-2016 MON  EXPIRES FULL TERM DT: 01-27-2021
CURRENT REL DT......: 10-10-2016 MON
PRESUMPTIVE PAROLE..: 02-21-2009 SAT
PROJ SATISFACT DT...: 02-21-2009 SAT  PROJ SATISF METHOD..: PRESUM PAR
ACTUAL SATISFACT DT.:                 ACTUAL SATISF METHOD:
FINAL STAT GOOD TIME:                 FINAL EXTR GOOD TIME:
DAYS REMAINING......:                 FINAL PUBLC LAW DAYS:

---------------------EXTRA GOOD TIME EARNINGS----------------------------

    INST    TYPE     DATE IN      DATE OUT        PRI/SEN IND
                       NONE


     EGT EARNED................................:        0 DAYS

BREAK OVER DATE................................:

-----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS---------------
                         NONE

--------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS-----------------
                         NONE
                                            --------------
     TOTAL EGT............................:        0 DAYS

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS-------

   INFRACTION      DECISION      ACTION    AMOUNT   INFR SEVERITY    FREQ
   DATE    NO      DATE          TYPE               /RSN FOR ADJ
   NONE

     NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:      0 DAYS



G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```



**EXHIBIT MM**

```
   DSC73   540*23  *              SENTENCE MONITORING          *     07-24-2008
 PAGE 001           *               COMPUTATION DATA           *     08:33:48
                                    AS OF 07-24-2008
```

REGNO..: 03814-000 NAME: WATSON, MERLE V JR


```
FBI NO..........: 518668W10            DATE OF BIRTH: ████████
ARS1............: CUM/FED WRIT          ARS2.........: I-T/A-ADMIT
UNIT............:                       QUARTERS.....:
DETAINERS.......: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 01-11-2009

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 02-21-2009 VIA PRESUM PAR

-------------------CURRENT JUDGMENT/WARRANT NO: 070 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F2589-81B
JUDGE...........................: WAGNER
DATE SENTENCED/PROBATION IMPOSED: 11-03-1981
DATE WARRANT ISSUED.............: 05-01-2007
DATE WARRANT EXECUTED...........: 12-26-2007
DATE COMMITTED..................: 05-13-2008
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  606
OFF/CHG: CARRYING A PISTOL WITHOUT A LICENSE; MANSLAUGHTER; BAIL REFORM
         ACT.

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   27 YEARS
 NEW SENTENCE IMPOSED...........: 4121 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 10-13-1981
```


G0002       MORE PAGES TO FOLLOW . . .

```
 DSC73  540*23 *              SENTENCE MONITORING          *      07-24-2008
PAGE 002 OF 002 *            COMPUTATION DATA              *      08:33:48
                              AS OF 07-24-2008
```

REGNO..: 03814-000 NAME: WATSON, MERLE V JR

------------------------CURRENT COMPUTATION NO: 050 ------------------------

COMPUTATION 050 WAS LAST UPDATED ON 07-24-2008 AT DSC AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

```
DATE COMPUTATION BEGAN..........: 12-26-2007
TOTAL TERM IN EFFECT............: 4121 DAYS
TOTAL TERM IN EFFECT CONVERTED..:   11 YEARS      3 MONTHS      13 DAYS
EARLIEST DATE OF OFFENSE........: 10-13-1981

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 1354
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 07-23-2015
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 10-09-2018
EXPIRATION FULL TERM DATE.......: 04-07-2019

PRESUMPTIVE PAROLE DATE.........: 02-21-2009
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 02-21-2009
PROJECTED SATISFACTION METHOD...: PRESUM PAR
```

REMARKS.......: UPDATED UPON RECEIPT OF ORIGINAL DOCUMENTS FROM USPC.
               RELEASE AUDIT COMPLETED BY DSCC.

G0000      TRANSACTION SUCCESSFULLY COMPLETED

```
  DSC73  542*22 *           SENTENCE MONITORING        *    07-24-2008
PAGE 001 OF 001 *             GOOD TIME DATA           *    08:33:48
                             AS OF  07-24-2008

REGNO...: 03814-000   NAME: WATSON, MERLE V JR
ARS 1...: CUM FED WRIT      ARS 2...: I-T A-ADMIT
COMPUTATION NUMBER..: 050                FUNC..: PRT   ACT DT:
LAST UPDATED:  DATE.: 07-24-2008         FACL..: DSC    CALC: AUTOMATIC
UNIT...............:                     QUARTERS............:
DATE COMP BEGINS....: 12-26-2007         COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 0                  TOTAL INOP TIME.....: 0
STATUTORY REL DT....: 07-23-2015 THU     EXPIRES FULL TERM DT: 04-07-2019
CURRENT REL DT......: 07-23-2015 THU
PRESUMPTIVE PAROLE..: 02-21-2009 SAT
PROJ SATISFACT DT...: 02-21-2009 SAT     PROJ SATISF METHOD..: PRESUM PAR
ACTUAL SATISFACT DT.:                    ACTUAL SATISF METHOD:
FINAL STAT GOOD TIME:                    FINAL EXTR GOOD TIME:
DAYS REMAINING......:                    FINAL PUBLC LAW DAYS:

----------------------EXTRA GOOD TIME EARNINGS------------------------------

    INST     TYPE      DATE IN      DATE OUT        PRI/SEN IND
                        NONE


      EGT EARNED...............................:        0 DAYS

BREAK OVER DATE................................:

-----------EXTRA GOOD TIME LUMP SUM AWARDS AND ADJUSTMENTS-----------------
                    NONE

--------------EXTRA GOOD TIME DC EDUCATION CREDIT AWARDS-------------------
                    NONE
                                          -------------
      TOTAL EGT.............................:        0 DAYS

--------STATUTORY GOOD TIME FORFEITURES, WITHHOLDINGS, RESTORATIONS--------

   INFRACTION       DECISION      ACTION     AMOUNT   INFR SEVERITY   FREQ
   DATE    NO        DATE         TYPE                /RSN FOR ADJ
   NONE

     NET SGT FORFEITURES, WITHHOLDINGS, RESTORATIONS:        0 DAYS




 G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
DSC73   540.03  *           SENTENCE MONITORING           *     07-24-2008
                *       INDEPENDENT SENTENCE COMPUTATION   *     08:28:40

SENTENCE PROCEDURE: 10    4205(A)REG ADULT
SPT/PAR/MR VIOL...: N    MAN SGT RATE:
TERM IN EFFECT YRS:     MOS:       DAYS: 5196   OR LIFE/DEATH:
TIE CONVERTED   YRS: 14 MOS: 2    DAYS: 22
MINIMUM TERM    YRS:    MOS:       DAYS:
JAIL CREDIT   FROM: 08-25-2000   THRU: 01-03-2002 = 497   DAYS
              FROM: 10-23-2003   THRU: 05-21-2004 = 212   DAYS
              FROM:              THRU:           =         DAYS
TOTAL JAIL CREDIT DAYS: 709
INOP TIME     FROM:              THRU:           =         DAYS
              FROM:              THRU:           =         DAYS
TOTAL INOPERATIVE TIME DAYS:

DT SENT BEGAN: 10-06-2005        SGT RATE......: 10
                                 SGT TOTAL DAYS: 1707
                                 STAT REL DT...: 05-16-2013 THU
                                 180 DAY DT....: 07-21-2017
                                 PAROLE ELIG..: 07-23-2008
                                 2/3 OR 30YR DT: 04-19-2013
HARDCOPY Y/N: N                  EFT DT........: 01-17-2018

G0005     TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

DWE

DATE RETURNED FROM ESCAPE.
WANT WAS ISSUED 8-1-2000.
(LOCAL CHARGES DISMISSED)

WARRANT ISSUED 10-23-2003.
(LOCAL CHARGES DISMISSED)

#5