UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MERLE V. WATSON, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 08-1075 (PLF) |
| | : | |
| MICHAEL GAINES, *et al.*, | : | |
| | : | |
| Respondents. | : | |

MEMORANDUM OPINION

This matter is before the Court on a petition for a writ of habeas corpus. Petitioner Merle Watson alleges that the actions of the United States Parole Commission have resulted in his remaining in custody beyond the expiration date of the aggregate sentence imposed by the Superior Court of the District of Columbia in 1981. On consideration of the petition and the federal respondents' opposition, the petition will be denied.

I. BACKGROUND

On October 13, 1981, a judge of the Superior Court of the District of Columbia sentenced petitioner to an aggregate term of nine to 27 years' imprisonment. *See* Federal Respondents' Opposition to Petitioner's Petition for a Writ of Habeas Corpus ("Resp't Opp'n"), Ex. A-B (Judgment and Commitment Orders, Case Nos. F-5501-78 and F-2589-81). The District of Columbia Board of Parole ("Parole Board") released petitioner on parole on November 2, 1993, at which time his sentence was to expire on February 17, 2009. *See id.*, Ex.

1

D (Certificate of Parole). Slightly over five years later, on January 25, 1999, the Parole Board issued a parole violator warrant for unspecified violations of the conditions of his release. The warrant was executed on January 27, 1999. *Id.*, Ex. E (Warrant). The Parole Board again released petitioner to parole status on or about January 30, 2000; his parole term was to expire on May 12, 2014. *Id.*, Ex. F (Certificate of Parole). Upon receipt of notice that petitioner had been arrested and charged with possession with intent to distribute marijuana on July 14, 2000 (2000 CMD 8105), however, the Parole Board issued a violator warrant on August 1, 2000 (No. P-36695-00). *Id.*, Ex. G (Case Inquiry Screen) at 2 & Ex. H (Warrant). At that time, petitioner was on escape status. *See id.*, Ex. H at 1. Petitioner was arrested again on August 23, 2000, and was charged with assault with a dangerous weapon, carrying a dangerous weapon, and a violation of the Bail Reform Act (2000 FEL 5169), in addition to a charge of escape (2000 FEL 5173). *Id.*, Ex. I (Case Inquiry Screen) at 1-4. Petitioner was held in custody pending resolution of these charges. *Id.*, Ex. J (Commitment Pending Disposition signed on August 25, 2000). Those being new and separate charges, the August 1, 2000 parole violator warrant was lodged as a detainer on August 26, 2000 and re-filed on September 21, 2000. *Id.*, Ex. K (Detainers).

Petitioner was to be released from custody in two of the criminal cases in October 2000, Resp't Opp'n, Ex. L (Release Orders on Case Nos. F-5169-00 and M-8105-00), and the escape charge, Case No. F-5173-00, on or about November 17, 2000. *Id.*, Ex. M (Government's Motion to Dismiss Indictment, Case No. F-5173-00) & Ex. N (Release Order on Case No. F-5173-00). As of November 28, 2001, however, petitioner remained in custody subject to the detainer lodged pursuant to the August 1, 2000 warrant pending disposition by the United States Parole Commission ("Parole Commission"). *Id.*, Ex. O (November 27, 2001 Memorandum

regarding the petitioner's release to a detainer).[1]  After a hearing before the Parole Commission, petitioner was released from custody under the August 1, 2000 warrant on or about January 2, 2002 and was reinstated to parole supervision.  *Id.*, Ex. R (January 2, 2002 Notice of Action).

The Parole Commission issued another violator warrant on October 23, 2003, upon receiving notice of the petitioner's August 30, 2003 arrest for carrying a pistol without a license, receiving stolen property (a gun), possession of an unregistered firearm, possession of unregistered ammunition, and felon in possession of an unregistered firearm.  Resp't Opp'n, Ex. S (Warrant Application) at 1-2.  The warrant was executed on October 28, 2003.  *Id.*, Ex. T (United States Marshal's Return).  As of that date, 5,586 days remained to be served on the original aggregate sentence imposed in 1981, and petitioner's parole supervision was to terminate on May 12, 2014.  *Id.*, Ex. S at 1.  After petitioner's acquittal of these new charges in the United States District Court for the District of Columbia on May 12, 2004, *id.*, Ex. U (Judgment of Acquittal, Case No. CR 03-420 (ESH)), he remained in custody upon execution of the Parole Commission's October 23, 2000 warrant.  *Id.*, Ex. V (May 18, 2004 memorandum).  Because no probable cause was found, the Parole Commission terminated revocation proceedings and released the petitioner.  *Id.*, Ex. X (May 21, 2004 Notice of Action).[2]

On May 1, 2007, the Parole Commission issued a violator warrant, charging

---

[1]  The United States Parole Commission has assumed all the jurisdiction and authority formerly vested in the District of Columbia Board of Parole to grant and deny parole, to impose conditions upon an order of parole, to revoke parole, and to modify the conditions of parole with respect to felons.  *See*  D.C. Code § 24-131.

[2]  Since 2004, the Parole Commission revoked parole on one other occasion before the petitioner's most recent return to custody.  *See* Resp't Opp'n, Ex. DD (October 24, 2005 Notice of Action).

petitioner with failing to enroll in a drug aftercare program and failing to report to his supervision officer as directed.  Resp't Opp'n, Ex. GG (Warrant Application).  As of that date, 4,782 days remained to be served on the original aggregate sentence imposed in 1981, and supervision was to be terminated on November 9, 2019.  *See id.* at 1.  The warrant was executed on December 26, 2007.  *Id.*, Ex. HH (Warrant) at 2.  As of that date, 4,121 days (11 years, 3 months, 13 days) remained to be served on the aggregate sentence imposed in 1981.  *Id.*, Ex. MM (Sentence Monitoring Computation Data as of 07-24-2008) at 2.  The Parole Commission proposed to petitioner that his parole be revoked, that he serve 14 months' incarceration on the new violation, and that his presumptive re-parole date be continued to February 21, 2009.  *Id.*, Ex. JJ (Proposed Decision).  Petitioner accepted the proposal, with the understanding that he was "accepting responsibility for [his] conduct, waiving [his] right to a revocation hearing, and waiving [his] right to appeal the decision."  *Id.*  The Parole Commission issued a Notice of Action consistent with this agreement, and set February 21, 2009 as petitioner's presumptive re-parole date.  *Id.*, Ex KK (April 16, 2008 Notice of Action).

## II.  DISCUSSION

Petitioner argues that the passage of 27 years since the Superior Court imposed sentence in 1981, means that he was in the custody of the Attorney General and has completed service of the sentence, whether he was incarcerated or on parole at any given time.  *See* Petitioner['s] Response to Federal Respond[e]nt's Opposition to Petition for a Writ of Habeas Corpus ("Pet.'s Resp.") at 2-3 (page numbers designated by the Court); Pet. at 5-6.  In petitioner's view, his "continuous detainment is unlawful and illegal because it carry [sic]

petitioner way past his expiration full term date[,]" and that the "U.S. Parole Commission is without jurisdiction and authority to amend, alter or change petitioner['s] sentence." Pet.'s Resp. at 3-4.  In addition, petitioner alleges that he was not awarded credit for time spent in custody, from August 2003 through May 2004, on charges of which he was acquitted, and for time spent in custody, from August 23, 2000 to November 17, 2000, on charges that were dismissed.  *See* Pet. at 3-4.  He also alleges that he was not awarded credit towards service of his sentence for time spent on parole ("street time").  *Id.* at 3.[3]

It appears that petitioner "misunderstands the Parole Commission's function." *McQueen v. United States Parole Comm'n*, No. 04-2266, 2005 WL 913151, at *2  (D.D.C. Apr. 19, 2005).  Although the Parole Commission has no authority to impose a prison sentence, it "has full authority to grant, deny, or revoke a District of Columbia offender's parole, and to impose or modify conditions upon an order of parole." *Id.* (citing D.C. Code § 24-131(a)).  "Upon each revocation, therefore, petitioner's sentence was not increased, but rather, the Commission rescinded credit towards completion of that sentence for time spent on parole, as required by D.C. law." *Campbell v. United States Parole Comm'n*, 563 F. Supp. 2d 23, 25 (D.D.C. 2008).

The record shows that petitioner has been awarded credit for time spent in custody on charges that were dismissed and of which he was acquitted.  Petitioner's current sentence computation includes 497 days' credit from August 25, 2000, the date of his return from escape status, through January 3, 2002, the date of his release from the custody under the August 1, 2000

---

[3]    "Street time" is "the colloquial term for time that a convicted offender spends serving his sentence while on parole." *Davis v. Moore*, 772 A.2d 204, 207 (D.C. 2001) (en banc).

warrant after the then-pending criminal charges had been dismissed.  Resp't Opp'n, Ex. MM (Sentence Monitoring Independent Sentence Computation dated 07-24-2008) at 4.  In addition, the computation includes 212 days' credit from October 23, 2003, the date the Parole Commission issued a violator warrant, through May 21, 2004, the date of petitioner's release from custody following acquittal of federal charges.  *Id.*

It is true that each time petitioner's parole was revoked, he forfeited all the time he had spent on parole, but that outcome is consistent with established law.  In *Noble v. United States Parole Comm'n*, 693 A.2d 1084 (D.C. 1997), a panel of the District of Columbia Court of Appeals, answering in the affirmative a certified question from the United States Court of Appeals for the District of Columbia Circuit, held that D.C. Code §§ 24-206(a) and 24-431(a) properly are interpreted to mean that, after revocation of a person's parole, the time a person spent on parole before revocation is not credited against his sentence.  *Id.* at 1085.  The en banc court thereafter adopted the panel's opinion.  *See Noble v. United States Parole Comm'n*, 711 A.2d 85 (D.C. 1998) (en banc).  Forfeiture of street time offends neither the Ex Post Facto, Due Process, nor Double Jeopardy Clauses of the United States Constitution, and does not violate the Eighth Amendment to the United States Constitution.  *See, e.g., Campbell v. United States Parole Comm'n*, 563 F. Supp. 2d at 25-27; *Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001) (en banc) (holding that retroactive application of *Noble* does not violate Due Process and Ex Post Facto Clauses).  Petitioner, then, cannot establish that his current custody is unlawful because he was denied credit for street time.

III.  CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Petitioner has made no such showing, and therefore his petition is denied.  An Order consistent with this Memorandum Opinion is issued separately.

/s/ \
PAUL L. FRIEDMAN \
United States District Judge

DATE: December 17, 2008